JOSEPH STOWELL *vs.* ASAHEL W. GOODALE.

A mortgagee of personal property, having made an agreement with the mortgagor, to discharge the mortgage for the benefit of a purchaser, subsequently signed and sent the mortgagor a written instrument, agreeing to discharge the mortgage, and to hold the purchaser harmless in relation to it; and the mortgagor delivered the same to the purchaser, by whom it was carried to the office of the town-clerk, where the mortgage was recorded, who thereupon made an entry, signed and attested by him, on the margin of the record of the mortgage, as fol lows: " This mortgage having been duly cancelled by the mortgagor, and an order for discharge given by the mortgagee, therefore this record is made ; " it was held, that these facts were evidence from which a jury might find that there had been a *bonâ fide* discharge of the mortgage.

THIS was an action of replevin, commenced on the 21st of April, 1849, for taking and detaining two horses and other property mentioned in the writ, on that day. The trial was before *Perkins,* J., in the court of common pleas.

The defendant pleaded the general issue, and, in defence, relied on a title in himself.

The plaintiff, in order to maintain his title to the property

replevied, produced a mortgage of the same from one Joseph Slocumb to him, dated the 12th and duly recorded on the 14th of December, 1848, and a release from Slocumb to him of all his interest in the property, dated on the 12th of April, 1849.

The taking and detention were proved, and it was admitted that the mortgage and release were duly executed.

The defendant then produced a mortgage of the same property from Slocumb to him, dated November 1st, 1847, and duly recorded on the 13th of the same month. The execution of this mortgage was admitted, and also that one of the notes secured thereby remained unpaid.

In order to show a discharge of this mortgage, or at least avoid the effect of it, evidence was offered and introduced on the part of the plaintiff, from which the following facts appeared: —

The property embraced in the mortgage was a part of the property in a livery-stable in Lawrence, kept by Slocumb, who, on the 1st of July, 1848, sold one half of his interest therein to Erastus Bridge.

The purchaser, having knowledge of the existence of the defendant's mortgage on the property, was unwilling to pay the price until that mortgage was discharged. Slocumb thereupon proposed to the defendant, Goodale, who lived at Woburn, but happened then to be in Lawrence, to take a new mortgage from him of his one half of the property, and to discharge the prior mortgage. The defendant accepted the proposal, and agreed to go back and get the mortgage, " and come up and fix it."

On the 16th of October, 1848, the defendant wrote to Slocumb from Woburn, as follows : — " I have been unable to find that mortgage of yours. I believe that I once had it, but have laid it by itself and have forgotten where I put it. It will be sufficient for Mr. Bridge for me to agree to discharge it, and below you will find an agreement to that effect."

The paper referred to in the foregoing letter bore the same date, was signed by the defendant, and was as follows : —
" I, Asahel W. Goodale, in and for the consideration of one dollar to me paid by Erastus Bridge, of Lawrence, stabler,

agree to discharge a certain mortgage of personal property given by Joseph Slocumb to me, said mortgage being mis-placed and I am unable to find it at present; and I further agree to hold the said Bridge harmless in relation to the said mortgage."

Slocumb, on receiving the letter and instrument indorsed, gave the same immediately to Bridge, by whom they were taken to the office of the town-clerk of Lawrence, who there-upon made the following memorandum on the margin of the record of the defendant's mortgage, and signed and attested the same, namely : — " This mortgage having been duly can-celled by the mortgagor, and an order for a discharge given by the mortgagee, therefore this record is made this 1st day of November, 1848."

Slocumb never made any new mortgage to the defendant.

In November, 1848, Slocumb bought back the property from Bridge, and Stowell, the plaintiff, became his surety to Bridge for the payment of $500, part of the purchase-money. The plaintiff's liability for this sum was included in and se-cured by the mortgage to him, which was made, as already stated, on the 14th of December, 1848.

The plaintiff asked Slocumb, if the defendant had dis-charged his mortgage, and Slocumb said, " You can go to the clerk's office and see ; " and he then went with the plaintiff to the clerk's office, and there saw the memorandum of discharge above stated.   This was on the day of the execution of the plaintiff's mortgage.

There was no evidence, that the defendant was in Lawrence from the 16th of October, 1848, to the day of the bringing of the action, or that he had any knowledge of what was done with the letter from him, and the instrument accompanying it of that date.

The defendant objected to the evidence of the memorandum entered by the town-clerk upon the margin of the record of the defendant's mortgage, and the presiding judge ruled that it was not admissible, and excluded it from the consideration of the jury, to prove a discharge of the mortgage.

The plaintiff thereupon offered the letter and instrument

aforesaid, signed by the defendant, and dated the 16th of October, 1848, and the defendant objecting thereto, the judge ruled that the same were not in law a discharge of the defendant's mortgage, but were evidence of a payment and discharge of the same in fact, to be considered by the jury with the other facts in the case.

The presiding judge instructed the jury, that if upon the admissions and statements of the defendant, in the letter and paper of the 16th of October, 1848, and the other evidence in the case, they should be satisfied that the defendant's mortgage had been in fact paid and discharged; or that in consequence of some other arrangement and settlement between the parties, it had in fact been discharged; then the defendant could not rely upon it in defence against a subsequent *bonâ fide* purchaser or mortgagee; and that it was not necessary that the discharge should be written on the mortgage itself. Or, if the jury should be satisfied from the paper and evidence aforesaid, that it was understood and agreed between the defendant and Slocumb, the mortgagor, that, for good considerations, the latter might treat the mortgaged property and deal with it as discharged from the defendant's mortgage, in reference to all persons; then the plaintiff, knowing of that fact, and purchasing the property and parting with his money *bonâ fide* on the strength of that understanding and agreement, would be entitled to hold the property as against the defendant claiming the same under the mortgage to him; and this whether there was any direct evidence or not that the plaintiff was parting with his money and receiving a conveyance of the property. And that the discharge on the margin of the record of the mortgage, in the town-clerk's office, taken in connection with the fact that the plaintiff was referred to the record by Slocumb, and read the discharge thereon, and the other facts in the case, might be considered by the jury, with reference to the question of the plaintiff's knowledge of the understanding and agreement, and for no other purpose.

The defendant then requested the judge to instruct the jury, that if the letter and paper of the defendant, above referred to, did not authorize the discharge of the defendant's mortgage,

then, unless it was proved that the defendant was cognizant of what had been done with these papers by others, the defendant was not to be prejudiced in his rights by their acts. But the judge declined so to instruct the jury, and repeated the instructions already stated, relating to the point of the defendant's knowledge.

The jury returned a verdict for the plaintiff, and on being inquired of by the court, stated that they found that there had been a *bonâ fide* discharge of the defendant's mortgage, and also that they found for the plaintiff on the other point. The defendant alleged exceptions.

*N. W. Harmon*, for the defendant.

*N. J. Lord*, for the plaintiff.

METCALF, J. The property replevied in this suit was mortgaged to the defendant by Slocumb in November, 1847, to secure payment of a note which was not paid at the time of the trial. In July, 1848, Bridge bought the property of Slocumb, and in November, 1848, sold it back to Slocumb, who mortgaged it to the plaintiff in December, 1848, and released his interest therein to the plaintiff in April, 1849. The plaintiff's title to the property would therefore be perfect, were it not for Slocumb's mortgage to the defendant. And the general question is, whether that mortgage furnishes a defence to this action, or whether the defendant's agreement of October 16th, 1848, is to have the effect of a discharge of that mortgage.

The evidence at the trial tended to prove, that after Slocumb had sold to Bridge the property which he had before mortgaged to the defendant, Bridge was not willing to pay Slocumb until the defendant's mortgage should be discharged; that Slocumb informed the defendant of this fact, and proposed to give him another mortgage, if he would discharge the first; that the defendant acceded to this proposal, and agreed to carry it into effect at a future day; that he afterwards wrote a letter to Slocumb, stating that he could not find the mortgage, but that it would " be sufficient for Bridge " for the defendant " to agree to discharge " it, and that Slocumb would find an agreement to that effect at the bottom of the

letter; that the defendant wrote at the bottom of the letter an explicit agreement to discharge the mortgage, and to hold Bridge harmless in relation to it; that Slocumb soon afterwards delivered this letter and agreement to Bridge, who carried them to the town-clerk's office, where the mortgage was recorded; and that the clerk, on the 1st of November, 1848, made on the record the entry which is copied into the bill of exceptions. It does not appear, and it is not material, whether Bridge sold back the property to Slocumb before or after the clerk made this entry. It does not appear that the sale was after Bridge received the defendant's agreement of October 16th.

The case comes before us upon exceptions taken by the defendant to the instructions given to the jury. We put out of the case that part of the instructions which referred to the jury the question whether the mortgage to the defendant " had been in fact *paid* and discharged," because it was admitted by the plaintiff at the trial, that " the note secured by the mort gage was unpaid," and the jury did not find the contrary. They found that there had been a *bonâ fide* discharge of the defendant's mortgage, and returned a verdict for the plaintiff. We are of opinion that the verdict was well warranted by the evidence, and that there was no error in the instructions which the jury followed.

The defendant's mortgage being discharged, Bridge's title, under Slocumb's sale to him, became perfect, and he might as well sell to Slocumb as to any one else. Slocumb, on Bridge's sale to him, took Bridge's unincumbered title, and duly transferred it to the plaintiff, who has a clear right, on the finding by the jury, to hold the property against the defendant.

Whether the defendant's agreement of October 16th was *per se* a discharge of the mortgage, or if not, whether, after that agreement had been shown to Bridge, and he had acted upon the faith of it, the defendant was estopped to set up the mortgage against Bridge, and those claiming through him, are questions upon which we have no occasion to express or to form an opinion. *Exceptions overruled*