JOHN C. NICHOLS *vs.* GEORGE W. ELA.

Essex. Nov. 9, 10, 1877. — April 15, 1878. MORTON & SOULE, JJ., absent.

After a suit in equity has been referred to a master merely to state an account between the parties, and has been heard before him at great length, and his conclusions stated to the parties, the court will not ordinarily require the master to report the evidence, or allow the order of reference to be amended for that purpose, or frame issues of fact for a jury.

A master, to whom a bill in equity to redeem mortgaged land was referred, found that a note, described in the mortgage, by payment or otherwise, ceased to be secured by the mortgage, and that the defendant could not in good faith enforce its payment against the plaintiff. The master did not report all the evidence, but reported evidence tending to show that the defendant either acknowledged payment of the note or made such statements as to estop him as against the plaintiff from denying that the note was unpaid. *Held*, that the defendant had no ground of exception, the failure of the master to state on which ground he relied being immaterial.

A master's report cannot be excepted to in matter of fact, without a report of all the evidence on which his conclusions are based.

It is within the discretion of a master in chancery to limit the cross-examination of a witness, to the exercise of which no exception lies, where it appears that a question was not so far material that its exclusion was prejudicial.

BILL IN EQUITY to redeem land in Lawrence from two mortgages. Hearing upon the pleadings, a master's report and exceptions thereto, and certain motions of the defendant, before *Endicott*, J., who overruled the motions and the exceptions, and directed a decree to be entered that a certain sum was due the defendant on May 1, 1876, as found by the master, and that the case should stand for further proceedings to determine the rents and profits since May 1, 1876; and, at the request of the defendant, reserved the case for the consideration of the full court. If the rulings and order for a decree were correct, a decree was to be entered in conformity with the order; otherwise, the case to take such direction as the court should order. So much of the case as is necessary to the understanding of the points decided appears in the opinion.

*D. Saunders & J. A. Loring*, (*R. Ela* with them,) for the defendant.

*E. T. Burley & W. S. Knox*, for the plaintiff.

COLT, J. The defendant is in possession of mortgaged premises consisting of a brewery, which the plaintiff by his bill seeks to redeem. The case was referred to a master under an order which simply required him to " state the accounts between the parties, and to make report thereof to the court." After the master had submitted his draft report to counsel, and at a hearing had for the purpose of settling the same, the counsel for the defendant requested the master to report all the evidence upon which certain findings of the master were based. The master declined to accede to this request, on the ground that, as the hearing occupied many days, it would be difficult, if not impossible, for him to produce a substantially accurate report of the evidence requested. He submitted the question, however, to the decision of the court. The defendant's motion, that the master be then ordered to report the evidence, was disallowed by a single judge; as well as a motion afterwards made to amend the order of reference to the master by adding a requirement that he report the evidence upon the request of either party.

Upon the coming in of the report, the defendant filed a motion that the order of reference be vacated and the report set aside ; and that issues be framed and the case set down for trial by a jury, or before a single judge, or before another master, with instructions to report the evidence with his findings, alleging that the case was submitted to the master under the mistaken belief of one of his counsel, that under the order of reference he was entitled to have the evidence reported; and that the report as made is calculated to injure him by making an unfair and partial statement of the evidence ; and is inconsistent, obscure and uncertain in particulars specified. This motion was also overruled. The case then came on for hearing, upon the defendant's exceptions to the master's report, before a single judge, who overruled the exceptions and ordered a decree to be entered that there was due from the plaintiff to the defendant the amount found by the master. From this decree, the defendant stated that he should appeal, and, by the terms of the report, the correctness of the several rulings and orders are now submitted for revision.

The defendant complains of the amount with which he is charged by the master for rents and profits of the mortgaged premises, actually received by him, " and which without his wilful default he might have received since he took possession." In various ways, he tries to obtain a rehearing of the case for the purpose of diminishing the amount. But the answer to these several applications is, that the defendant without objection began and finished a hearing before the master, under an order of reference containing no requirement for a report of the evidence, and that this hearing was upon a matter of some difficulty and complication, where the decision depended on the testimony of many witnesses, and where from the nature of the investigation, or from the want of proper and full minutes, or for some other good reason, the evidence cannot now be produced for revision with substantial accuracy. The master is not responsible for this. There was not only no requirement on him in the order of reference, but there was no request for a report until after the hearing, and after the parties were informed of his conclusions.

The duty of a master who is required to find and state facts in issue, or to state accounts between the parties, is discharged by

a report of his conclusions only, with a reference for details and items, if it be matter of account, to statements annexed. He may, when the rights of parties require it, state the facts regarded by him as sufficient to support his conclusions, in order to enable the court to judge of their correctness. But it is irregular, without the order of the court, to state the evidence at the request of either party. Adams on Eq. 384. Questions of fact in equity are tried by the court in the first instance; or by a master, and, upon exceptions to his report, by the court; or upon issues submitted to a jury. They are in any given case, however, tried but in one mode, except where, on the coming in of the master's report, the finding appears unsatisfactory, and the nature of the evidence disclosed presents a case which the court in its discretion ought to hear or send to a jury. *Atlanta Mills* v. *Mason*, 120 Mass. 244.

In the present case, the matter in dispute was peculiarly within the province of a master to hear and decide; and, upon the whole case, there is no good reason shown for reversing the rulings of the single judge upon the several interlocutory motions which were made and disposed of before the hearing on the exceptions taken to the master's report. The judge was fully justified in holding that the defendant was not entitled to have the evidence reported, after having taken his chance in a trial before the master. There is nothing which requires the court to find, as matter of fact, that the defendant has lost any right by any accident, or by any such mistake as entitles him to the relief asked. There is nothing in the report itself which shows that justice requires that the evidence should be stated; or that the case, with or without instructions, should be recommitted to the same master, or referred to another master, or sent to a jury on issues to be now framed. The defendant has had his day in court, and it would be unjust to subject the other party to the delays and expense of further litigation, without better reasons than those here suggested. *Shaw* v. *Norfolk County Railroad*, 16 Gray, 407. *Pratt* v. *Lamson*, 6 Allen, 457. *Dean* v. *Emerson*, 102 Mass. 480. *Carpenter* v. *Cushman*, 121 Mass. 265.

The exceptions to the master's report, which were not waived at the hearing, or at the argument on this appeal, require brief consideration. The first four relate to the first note described

in the first mortgage to the defendant. The master finds that this note, by payment or otherwise, ceased to be secured by the mortgage, and that the defendant cannot in good faith enforce its payment against the plaintiff. He does not profess to give the whole evidence on this point, but he gives enough to show that the defendant either acknowledged the payment or made such statements as estop him, as against the plaintiff, from denying that the note is unpaid. Either is sufficient to support the finding, and the failure of the master to specify on which he relied is unimportant.

The ninth exception is that the report charges the defendant with rents and profits which he had received, and which without his wilful default he might have received. It is contended that the amount of the actual receipts on account of rent should have been separately stated. But we see no injury which can result to the defendant from the mode adopted in making this charge; especially as the correctness of the master's conclusions upon either of the component elements of the charge cannot be called in question, without a report of all the evidence.

As to the fourteenth exception, the master reports that, during the hearing, William Rutlidge testified on cross-examination that he had a friend who was willing to go in with him in case he hired the brewery on the mortgaged premises. He was then asked who that friend was. He declined to state the name of the friend, and the master ruled that he was not bound to give the name of the friend, if the friend was not one of the Nicholses; and that the witness answered that he was not. It was within the discretion of the master to limit the cross-examination of Rutlidge. The question put was not so far material, and its exclusion so far prejudicial, as to support this exception.

All the other exceptions are founded on the objection that the evidence and facts found, so far as they are reported, do not support the master's conclusions; but whether they do or not, it is unnecessary now to inquire, because the master distinctly declares that the evidence upon which his conclusions are founded is not reported. No doubt the purpose of the master was to give the court a general understanding of the nature of the case and the course of the hearing. If he has done this imperfectly ;

if, without any necessity, he has reported portions of the evidence, or the process of reasoning adopted by him; the plaintiff cannot be thereby deprived of the benefit of the conclusions reached, unless, upon the case properly brought before the court, they appear to be clearly erroneous.

*Decree for the plaintiff accordingly.*