MARY DEW. FREELAND *vs.* EDWARD WRIGHT.

Worcester.    September 29, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Equity Practice — Master — Exceptions — Issues to Jury — Waiver.*

Exceptions will not lie to the findings of a master in matters of fact without a report of the evidence.

After the filing of a master's report, and a recommittal of the case to him for a fuller report thereof, it is within the discretion of the court to order him to report the evidence; and an order of the court refusing to do so will not be disturbed in the absence of anything to show that the discretion was wrongly exercised.

Any right which a party to a suit in equity may have to go to a jury is waived by his allowing a reference to and a hearing before a master.

Upon an appeal from a final decree in equity, where there is a master's report and no report of the evidence, the only question open is whether the decree is warranted by the pleadings and by the findings of the master.

BILL IN EQUITY, filed in the Superior Court, to redeem a parcel of land in Sutton from a mortgage. The case was referred to a master, and, upon the coming in of his report, the Superior Court made a decree that the plaintiff should have possession of the land upon payment of a certain sum to the defendant; and the plaintiff, being dissatisfied therewith, appealed to this court. The case, so far as material to the points decided, appears in the opinion.

*M. M. Taylor*, for the plaintiff.

*W. B. Harding*, for the defendant.

KNOWLTON, J. This is a bill in equity, brought to redeem a mortgage of real estate. The plaintiff filed exceptions to the master's report, and then moved that the master be required to report all the evidence taken at the hearing, and appealed from the order of the court denying the motion. She afterwards asked that issues be framed for a jury, and appealed from the refusal of the court to frame issues, and finally took an appeal from the final decree.

1. The exceptions to the master's report present no question of law; they all relate to findings of fact which cannot be revised without a report of the evidence. *Nichols* v. *Ela*, 124 Mass. 333.

2. The rule to the master did not require him to report any part of the evidence, and there is nothing to show that the parties were not content at the outset with the form in which the order was made. Whether the master should afterwards be ordered to report the evidence, or any part of it, was discretionary with the court. *Atlanta Mills* v. *Mason*, 120 Mass. 244. *Nichols* v. *Ela*, 124 Mass. 333. The court recommitted the case to the master, that he might report more particularly the facts bearing on the principal matter in issue, and there is nothing to indicate that the court did not wisely exercise its discretion in refusing to require him at that stage of the proceedings to report the evidence.

3. If an application to frame issues for a jury would have been granted, if seasonably made, the plaintiff waived her right

by allowing a reference to a master and a hearing before him, before asking for a trial by jury. *Parker* v. *Nickerson*, 137 Mass. 487. It would be unreasonable to permit a party to go to trial before a master, and take his chances of a favorable report, and then, if dissatisfied with the result, have another trial before a jury, and thereby put the other party to unnecessary expense and trouble.

4. On an appeal from a final decree, where there is a master's report and no report of the evidence, the only question open is whether the decree is warranted by the allegations of the bill and answer, and by the findings of the master. On this point there can be no doubt in the case at bar. The decree follows the pleadings and the master's report. We see no error in any part of the record.        *Decree affirmed.*