HATTIE L. HENDERSON *vs.* JOHN FOSTER.

Middlesex.     December 2, 1902. — January 7, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Equity Pleading and Practice,* Master's report.

The granting of a motion to recommit a master's report for a statement of the evidence is matter of discretion. Ordinarily such a motion will not be granted in the absence of a special reason.

BILL IN EQUITY, filed in the Superior Court August 6, 1901, to redeem, or for a reconveyance of certain real estate on the

payment of certain indebtedness of the plaintiff to the defendant.

Upon a hearing on a master's report and exceptions thereto the Superior Court overruled the exceptions and confirmed the report, and, in accordance with the findings of the master, ordered that the plaintiff pay to the defendant within ninety days the sum of $9,702.43 with interest thereon from June 24, 1901, and that thereupon the defendant reconvey to the plaintiff the real estate described in the bill, or, if the plaintiff should fail to pay the sum named within the required time, that the bill should be dismissed.

The plaintiff appealed, stating as grounds of appeal, that the Superior Court had failed to sustain the plaintiff's exceptions to the master's report, and had denied the plaintiff's motion to send the report back to the master with instructions to the master to report the evidence, if any, upon which certain findings of fact by the master were based, and that the plaintiff was aggrieved by the final decree.

*R. W. Bartlett*, for the plaintiff.

*F. S. Hesseltine*, for the defendant.

KNOWLTON, C. J. This bill presents two questions, both of which are answered by the authorities. The plaintiff filed a large number of exceptions to the master's report, nearly all of which are founded on objections to findings of fact in regard to which there is no report of evidence. She also asked to have the report recommitted for a statement of the evidence. It is plain that the findings cannot be revised without the evidence, and it is equally plain that the motion to recommit was addressed to the discretion of the court. Ordinarily such a motion will not be granted in the absence of a special reason for making it. *Nichols* v. *Ela*, 124 Mass. 333. *Parker* v. *Nickerson*, 137 Mass. 487. *Freeland* v. *Wright*, 154 Mass. 492. Nothing appears in the present case to show that the court improperly exercised its discretion in denying the motion.

The other question is whether the decree is warranted by the pleadings and the master's report. Of this there can be no doubt. *Freeland* v. *Wright*, 154 Mass. 492. *Langmaid* v. *Reed*, 159 Mass. 409. So far as any question of law enters into any of the master's findings, there is nothing to show that he made an error.　　　　　　　　　　　　　　　　　*Decree affirmed.*