## TRUSTEES OF DARTMOUTH COLLEGE v. INTERNATIONAL PAPER CO.

(Circuit Court, D. New Hampshire. December 28, 1903.)

1. REFERENCE—REPORT OF MASTER—RETURN OF EVIDENCE.
   Unless requested by the parties or directed by the court, it is not usual for a master or commissioner to whom a question of damages in an action at law has been referred after default to return the evidence with his report, and whether or not it will be required on a subsequent motion therefor is within the court's discretion.

2. SAME—REVISION OF FINDINGS.
   While the findings of a master to whom the court has referred a case at law after default for the assessment of damages are not binding on the court, it will not try the case anew, but will revise such findings only where errors or omissions plainly appear, and will especially regard the master's findings where the facts are complicated and the findings depend to some extent on the credibility of witnesses who have appeared before the master.

At Law.

Streeter & Hollis, for plaintiff.

Drew, Jordan & Buckley, O. D. Baker, and D. W. Snow, for defendant.

LOWELL, District Judge. This is an action of trover. The defendant was defaulted, and thereafter the plaintiff moved the court that damages be assessed by a jury. The defendant moved that they be assessed by the court, either acting itself or through a master or commissioner. Under the plaintiff's protest and exception the court passed the following order:

"Upon the record and the papers on file, and upon hearing the explanations of counsel of record, I find that under the circumstances of this case the quantity of timber or property involved in the alleged conversion cannot be conveniently or intelligently ascertained in the ordinary course of a jury trial. I think, therefore, as a preliminary step in the direction of a solution of the difficulties, that the character of the cutting, size of the trees cut, and the quantity in feet may and should be ascertained by the court, or by a master or commissioner. When this is done, if there is a controversy as to the value at different times and places, and as to the question of willfulness of conversion, the court will consider whether the situation is such as to present questions which require issues of fact to be framed for the jury. The commissioner or the master will, if either party wishes it, make findings upon the questions intended to be left open for further consideration, to the end that they may be treated as conclusive, or as evidence to the jury, or of no consequence, as sound discretion or the law may require. I do not think the plaintiff is entitled to a jury trial upon the general situation now presented, and the motion is, at present, denied upon the ground and for the purposes above stated. For the above purposes the case is referred to a master or masters, or a commissioner or commissioners, to be hereafter appointed. Plaintiff protests and excepts, and has six days in which to file exceptions."

By consent of both parties, the Honorable Edgar Aldrich was appointed master. At the hearing before him the defendant moved as follows, the plaintiff objecting:

"And now comes the defendant, and respectfully asks: (1) That the master pass upon and include in his report all questions relating to assessment of damages; (2) all questions of values at such times and places as may become necessary to the assessment of damages under the claim of either party; (3) all questions relating to willfulness of the conversion, whether the conversion was made in good faith or bad faith, and whether, under the facts of this case, the plaintiff is entitled to recover more than just compensation."

Thereafter the master filed his report, stating the facts in such form that, upon the determination of certain questions of law by the court, judgment could be entered without further inquiry. The defendant has filed more than a hundred objections and exceptions to the report, alleging that the master failed to find facts which he should have found, and that he found facts which he should not have found. The plaintiff has moved to strike these exceptions from the record.

The defendant has excepted to the master's failure to file the evidence with the report. There was no error in the failure. The master was not asked to send up the evidence. Without request of parties or order of court, it is not usual, in a case like this, even if it be permissible, to append the evidence. It appears (see plaintiff's

brief, page 30) that the defendant has filed a motion that the master be directed to send up the testimony and depositions. To grant this motion is within the court's discretion. That discretion will not ordinarily be exercised after the report has been filed. Henderson v. Foster, 182 Mass. 447, 65 N. E. 810; Parker v. Nickerson, 137 Mass. 493. Considering, however, that all the evidence is at hand, that for good and sufficient reason the report was filed without being submitted to counsel, and that the case is one of great importance, the court is disposed to grant the defendant's motion in part. An order will issue directing the master to send up that evidence, and only that evidence, which relates to the willfulness of the conversion, whether conversion was made in good faith or bad faith, and whether, under the facts of the case, the plaintiff is entitled to recover more than just compensation. From what was said at the argument, it is supposed that this evidence can be separated without much difficulty.

The further preliminary question argued concerned the weight to be given to the findings of fact in the master's report. The plaintiff concedes that the defendant is permitted to show that any finding of the master was without evidence sufficient to warrant it, that to this extent matters of fact are open for the court's consideration, and that the court must examine the evidence thereupon. On the other hand, it is clear that, even if the defendant may require the court to review the master's findings to some extent, yet the court will not disregard those findings, unless satisfied that they are clearly wrong. Between the plaintiff's concession and the defendant's contention, reasonably construed, the difference in degree is appreciable, but not very great. As the court, if asked to do so, must review the evidence to some extent, and as the plaintiff especially wishes a speedy hearing on the merits, the defendant's objections and exceptions may stand as expressing its particular objections to the master's report for what those objections are worth. In matter of form (though not in substance) these objections may be amended later, if this be necessary to present properly the questions in dispute to this court or to a court of appeal.

It is not necessary now to determine precisely what is the nature of the report in this case. The reference to a master was not by consent of the parties, but by the order of the court. The master was not a referee appointed under the New Hampshire statutes. After default the assessment of damages is for the court, and the court may employ to assist it a jury or assessor, whose verdict or finding informs the conscience of the court, but does not bind that conscience. The court still controls the judgment to be rendered. While this is true, the court by no means tries the case anew. In a case like that at bar, where the facts are complicated, where the findings must depend to some extent upon the credibility of witnesses whom the master has seen, no court will lightly disagree with his findings of fact, reached after long hearing and argument and careful deliberation. (The peculiar language used in this reference about the treatment of the master's findings was probably intended to save the rights of the protesting plaintiff.) If it shall

plainly appear that anything material has been omitted, or that any material error of finding has been made, the court will render judgment as if the omission had been supplied and the necessary correction had been made, but, unless such omission or error plainly appears, the conscience of the court will be deemed sufficiently informed by the report. The principle is stated generally in Paddock v. Commercial Insurance Co., 104 Mass. 521, 531, cited by the defendant:

"Whenever, in the absence of special provisions of statute or of the rule of reference, a case at common law, or in equity or admiralty, is referred to a subordinate officer for the purpose of finding facts and reporting them to the court, whether he is styled assessor, auditor, master in chancery, or commissioner, his findings may be reviewed by the court; and the appropriate way of bringing them before the court for this purpose is by specific exceptions to his findings, and by his report of the evidence upon the points on which exceptions are taken. But his findings have the weight of a verdict, and, especially when they depend upon a conflict of testimony, are not to be set aside unless they clearly appear to be erroneous."

This is the rule at common law. Nothing to the contrary appears in the statutes, practice, and decisions of New Hampshire referred to by counsel on either side. See Price v. Dearborn, 34 N. H. 481; Patrick v. Cowles, 45 N. H. 553, 555; Morse v. Allen, Id. 571, 572.