CHARLES D. GURLEY *vs.* WILLIAM G. REED & others.

Suffolk.   December 8, 1905. — March 1, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice.   Pledge.*

It is a proper exercise of the discretion of a judge sitting in equity to deny a motion to recommit a master's report in order that the master may report further findings of fact on evidence bearing upon the principal questions of fact decided by him, where the rule to the master did not call for a report of the evidence and the additional findings of fact desired are not necessary to the understanding of any question of law involved in the case.

If one indorses a certificate of stock in blank and entrusts it to another permitting him to have the stock transferred to himself and to take out a certificate in his own name for the purpose of pledging the stock for the benefit of the owner, and the person thus entrusted with the stock wrongfully pledges it to secure his own promissory note given in part for advances of money and in part for a pre-existing debt, the pledgee, if he takes the stock in the belief that the pledgor is the owner of it, acquires the right to hold it for the full amount of the debt to him, and the owner's only remedy in equity is to redeem the stock from the pledge.

BILL IN EQUITY, filed in the Superior Court on April 27, 1903, William G. Reed, George H. Plummer, William A. Clark and Clarence F. Eldredge, praying, 1, that the defendant Plummer be enjoined from selling four hundred shares of the Provident Securities and Banking Company belonging to the plaintiff which wrongfully were pledged to him by the defendant Reed as collateral security for a note of the defendant Reed for $21,000, 2, that the defendant Plummer be ordered to deliver the certificates for the shares to the plaintiff upon payment to the defendant Plummer of such sum, if any, as might be found by the court to have been advanced by him as a loan on such security in good faith, and 3, for further relief.

The bill was taken as confessed against the defendant Reed. The other defendants filed answers. The case was referred to a master who filed a report.

He found that the plaintiff entrusted the certificates for the four hundred shares of the Provident Securities and Banking Company to the defendant Reed, indorsed in blank, and at Reed's request consented that the certificates of stock should be put in Reed's name to facilitate his using them to raise money for the plaintiff in connection with the purchase of certain mining properties.

He found that all the transactions between Reed and Plummer concerning the four hundred shares of stock in question, constituted a violation by Reed of the terms and conditions upon which Reed received the certificates from the plaintiff, the true owner, and a breach of the trust with which the certificates of stock were impressed in the hands of Reed.

Upon all the evidence he found that the defendant Plummer, in good faith, and in reliance upon Reed's apparent ownership of the four hundred shares of stock, the certificates for which stood in Reed's name as owner, and without notice of the purpose for

which possession of the certificates had been entrusted by the plaintiff to Reed, advanced to Reed the sums of money and parted with the other considerations for which the note was given.

The master found that the defendant Plummer was a *bona fide* pledgee of the four hundred shares of stock to the extent of the value he advanced thereon, namely, to the extent of the value of the cash advanced, plus the value of the extensions and accruing interest, amounting in all to $11,000, together with interest at the legal rate of six per cent per annum from April 17, 1903, the date of the maturity of the $21,000 note.

Both the defendant Plummer and the plaintiff filed exceptions to the master's report.

The plaintiff moved that the master's report be recommitted to the master, with directions that the master report the facts requested by the plaintiff as set forth in his objections and exceptions, or report such facts in connection therewith as the court might direct.

The motion was denied by the judge; and the plaintiff appealed.

The judge made a decree overruling all the plaintiff's exceptions, overruling some of the defendant Plummer's exceptions and sustaining others, and otherwise confirming the master's report. As to the defendants Clark and Eldredge the bill was dismissed. The remainder of the decree was as follows:

"Pursuant to said report, as thus modified, the defendant Plummer is entitled to hold said four hundred shares of the stock of the Provident Securities and Banking Company as collateral security for the note of the said defendant William G. Reed, dated March 17, 1903, with interest thereon according to the terms of said note.

"On payment or tender by the plaintiff to the defendant Plummer, within thirty days from the date of this decree, of the amount due as principal and interest on said note of the defendant William G. Reed, dated March 17, 1903, together with the costs of the defendant Plummer in the suit, to be taxed by the clerk, the defendant Plummer shall deliver to the plaintiff the certificates referred to in said bill, representing said four hundred shares of stock of the par value of $40,000

of the Provident Securities and Banking Company; and such delivery shall forever bar the defendant Reed from any claim for such stock or any part thereof as against the defendant Plummer. On failure to make payment or tender as aforesaid, the bill is, as to the defendant Plummer, to be dismissed with costs."

The plaintiff appealed from the decree.

*G. F. Ordway,* for the plaintiff.

*C. F. Eldredge,* (*G. W. Anderson* with him,) for the defendant Plummer.

KNOWLTON, C. J. The plaintiff's motion to recommit was addressed to the discretion of the court, and we see nothing to indicate that the discretion was wrongly exercised. The rule to the master did not call for a report of the evidence, and such a report was unnecessary. The additional findings of fact which the plaintiff desired were not necessary to the understanding of any question of law involved in the case, but were simply matters of evidence bearing upon the principal questions of fact decided by the master. *Henderson* v. *Foster,* 182 Mass. 447, 448. *Silva* v. *Turner,* 166 Mass. 407. *Freeland* v. *Wright,* 154 Mass. 492.

The plaintiff's exceptions were overruled rightly. There is nothing to show any error in the refusal to find the facts referred to in the exceptions.

The plaintiff entrusted his stock to Reed and permitted the transfer of it to him, and allowed certificates to be taken out in his name for the purpose of enabling him to pledge it as collateral security for money to be borrowed for the plaintiff's benefit. Having the ostensible title of an owner, Reed pledged it for his own benefit. The master has found that the pledgee received it in good faith, in the belief that Reed was the owner of it, and that he now holds it as collateral security for a promissory note, given at the time for a valuable consideration. Under these circumstances he is entitled to hold it for the full amount of his debt. This would be so under the rules of the common law. The St. 1903, c. 423, also expressly provides that such a transaction "shall be a sufficient delivery to transfer title as against all persons." It is immaterial that the consideration of the note which the stock was to secure was, in part, a payment of a pre-existing debt. *Boston Steel & Iron Co.* v. *Steuer,* 183 Mass. 140,

143, 144, and cases cited.  *National Revere Bank* v. *Morse*, 163 Mass. 383.

As against the defendant Reed, the plaintiff has a right to a decree that he is entitled to the stock and to be paid his costs. But this will be of little avail unless he redeems from the claim of Plummer.  With this modification the decree will be

*Affirmed.*