BENJAMIN BARNETT *vs.* PHILIP ROSENBERG & others.

Suffolk.   March 22, 1911. — June 22, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Equity Pleading and Practice*, Master's report, Appeal, Evidence. *Evidence*, Of original bill in equity after substitution of amended bill. *Frauds, Statute of. Novation.*

A motion in a suit in equity to recommit a master's report in order that he may report the evidence is addressed to the discretion of the judge who hears the case, and ordinarily will not be granted by him in the absence of a special reason for doing so. An appeal from the denial of such a motion only can be sustained where it is shown that the judge in denying the motion exercised his discretion improperly.

Exceptions to a master's report relating to the admission or exclusion by the master of certain questions addressed to witnesses before him here were overruled as matters within the master's discretion.

In a suit in equity in which an amended bill had been filed by the plaintiff, which afterwards was further amended, the defendant excepted to a ruling of the master to whom the case was referred excluding from the evidence the plaintiff's original bill before amendment, which, with the jurat attached, was offered by

the defendant "as bearing upon the genuineness of the plaintiff's claim." The case was tried on the amended bill and no copy of the original bill was in the record which came to this court by appeal, nor was there any statement of its contents, and it did not appear in what way it was contradictory either to the claim as alleged in the amended bill or to the testimony of the plaintiff. *Held*, that the exception was too indefinite to be sustained, and that it also must be overruled on the ground that the record did not show that the exclusion of the original bill by the master might or could have harmed the defendant.

The provision of the statute of frauds contained in R. L. c. 74, § 1, cl. 2, requiring a memorandum in writing to prove a promise to answer for the debt of another, does not apply where there was a novation by which the promise of the defendant was accepted by the plaintiff in substitution for the promise of the original debtor and in consideration of it the plaintiff released the original debtor and looked only to the defendant for payment.

BILL IN EQUITY, filed in the Superior Court, as amended, on March 25, 1908, and further amended on February 28, 1910, to reach and apply certain equitable assets, alleged to be in the hands of the other defendants, to the payment of $1,200 with interest from October 28, 1907, alleged to be due to the plaintiff from the principal defendant Philip Rosenberg.

The case was referred to Edwin N. Hill, Esquire, as master. He filed a report, and the case afterwards was heard by *Hardy*, J., who denied a motion of the defendants Philip Rosenberg and Israel Rosenberg to recommit the report with an order to the master to report the evidence taken before him, which is mentioned in the opinion, overruled the exceptions of the same defendants to the report, confirmed the master's report, and, in accordance therewith, made a final decree for the plaintiff. The defendants Philip Rosenberg and Israel Rosenberg appealed.

The defendants' exceptions to the master's report, referred to in the opinion, were for the reasons set forth in the following objections:

"1. Upon all the evidence in this case the plaintiff is not entitled to recover.

"2. The plaintiff had admittedly sworn falsely in stating that he had no other arrangement with Philip Rosenberg and others after April 15, 1907, in relation to the money due him for labor on houses on Hollander and Harold Streets.

"3. The master erred in excluding the bill of complaint previously filed or so much thereof as would show that the plaintiff had signed and sworn to a statement of his claim inconsistent with the allegations of the amended bills referred to the master.

"4. The master erred in refusing to rule that, the agreement alleged of April 15, 1907, being not in writing, the plaintiff could not recover for money due him from Greenberg and Rosenberg, for work due prior to April 15, as being within the statute of frauds.

"5. The master erred in excluding the following questions put to the witness Samuel Rosenberg by the defendant's counsel, viz.: ' Whether or not you said to me to-day that Barnett wanted you to assist him in maintaining a lien on the Elmo Street property, although he knew he had lost it, and he knew that Green would cut him out unless you or Greenberg would help him.' This question was perfectly fair and competent and had a tendency to refresh the witness's recollection and the answer might have shown that part of the amount claimed was for work done on Elmo Street in which the defendant Philip Rosenberg had no interest.

"6. The master erred in permitting against the defendant's objections the following question put to the witness Gluntz, viz.: ' Were any of the other checks which were marked "Exchange" debited either to Mr. Cohen or to Mr. Rosenberg ? '

"7. The master erred in excluding the question put to Philip Rosenberg, ' Whether or not before that time (July or August, 1907) you had become responsible to Mr. Barnett for anything,' the defendant claiming it to be a specific reply to some of the defendants' later testimony."

The eighth exception is described in the opinion. The thirty-sixth request for a ruling, referred to therein, was that the master rule " that on all the evidence the plaintiff cannot recover on this bill of complaint."

Upon the matter of the fourth exception, in which this court holds that a new contract between the defendant Philip Rosenberg and the plaintiff was substituted for the promise of Jacob Greenberg and Mary Rosenberg to pay the plaintiff for his work, so that the promise of the defendant Philip Rosenberg was to pay his own debt and not to answer for the debt of another within the meaning of R. L. c. 74, § 1, cl. 2, the master's report contained the following findings: " There was a conversation at this gathering between the plaintiff and the defendant upon the subject of the continuance and completion of the work

still to be performed by the plaintiff, and I find that at this interview, and at another within a few days, on or about April 15, 1907, Philip Rosenberg informed the plaintiff that he had an interest in the houses on Hollander Street and Harold Street, and stated to the plaintiff that he wished to have the work go on and finished, and no steps to enforce liens, that he wanted him to work for him, and was not to look to Greenberg and Rosenberg any longer, that he wished to finish one of the houses for one Cohen, and that Barnett [the plaintiff] would be sure of getting his money for all that he did, and referred the plaintiff to Shapiro, who had the construction mortgages on these houses as to his responsibility and interest in the property. The plaintiff exhibited his books so far as they related to this contract to the defendant, and together they went over the books of the plaintiff to ascertain the exact amount due for the work already done and necessary to complete the contract on the houses and verified and agreed upon the amount to be as stated by Barnett, namely, the sum of $2,050. The plaintiff conferred with Shapiro in pursuance of the reference to him and was informed among other things, that Rosenberg was a mortgagee under two mortgages and was 'good for the money.' As a result of the interviews with Rosenberg and Shapiro I find as a fact that Barnett resumed his work, relinquishing his rights for liens, giving credit thereafter to Philip Rosenberg, who agreed to pay the entire sum above mentioned."

*M. Fischacher,* for the defendants Philip and Israel Rosenberg.

*E. C. Stone,* (*J. Michelman* with him,) for the plaintiff.

HAMMOND, J. This case is before us upon the defendants' appeal from the order denying the motion to recommit the report to the master in order that he may report the evidence, from the order overruling the defendants' exceptions to the master's report and from the final decree.

A motion to recommit is addressed to the discretion of the court, and ordinarily will not be granted in the absence of a special reason for it. *Henderson* v. *Foster,* 182 Mass. 447. Nothing appears in the present case to show that the judge improperly exercised his discretion in denying the motion.

Eight exceptions were taken to the master's report. They will be considered in their logical rather than their numerical

order. The third, fifth, sixth and seventh exceptions relate solely to questions of evidence and are overruled. The fifth, sixth and seventh concern matters within the discretion of the master, and no error is shown in his action in this respect. The third exception relates to the exclusion of the original bill of complaint which with the jurat attached was offered by the defendant "as bearing upon the genuineness of the plaintiff's claim" and also as contradictory to his testimony. It was excluded. The original bill is not before us, and having been superseded by the final bill of complaint upon which alone the case was tried although among the files, its office as a part of the pleadings is defunct. There is no copy of it in the record before us, nor any statement of its contents, nor does it appear in what way it was contradictory either to the claim made on the amended bill or to the testimony of the plaintiff. For aught that appears it may have been excluded by the master upon the ground that the variances and contradictions were so far immaterial upon the real questions before him as to render him no assistance. But, however that may be, the exception is too indefinite, and we are of opinion that it does not appear that the defendants might or could have been harmed by its exclusion.

The eighth exception concerns the "statements, rulings, refusals to rule and refusals to report evidence and findings" contained in the report of the master under the head of "Defendants' requests of the master on various matters relating to the report in the foregoing case." There are thirty-six different requests set out under this heading. Some of them, like the fifth and ninth, call for portions of the evidence, and are properly refused on that account; some, like the first and fifteenth, ask for findings upon the evidence and cannot be considered by us because the evidence is not reported; some, like the third and seventeenth, are granted in part and in part refused; and in some, such as the second, the master has complied with the defendants' request. It is unnecessary to state in detail our conclusions upon these thirty-six requests. We have carefully examined them all, and as to all but the last, the thirty-sixth, which will be considered in connection with the first general exception, we find no error in law in the manner in which the master has dealt with them.

The fourth general exception sets up the statute of frauds as to that part of the plaintiff's claim for work done for Greenberg and Rosenberg for which they owed him. But we think it sufficiently appears that there was a novation. This exception was therefore properly overruled. *Ellis* v. *Felt*, 206 Mass. 472, and cases cited.

The second exception deals with a matter of fact dependent upon the evidence and was properly refused.

Upon the facts found by the master the contract was upon a valuable consideration, was not within the statute of frauds, and the defendants have failed to pay the plaintiff in accordance with the terms of the contract. The first general request and the thirty-sixth request contained in the "statement" alluded to in the eighth general request were properly overruled. The orders denying the motion to recommit and overruling the exceptions to the master's report are affirmed, as is also the final decree.

*So ordered.*