GEORGE B. BOYNTON, In Equity,

*vs.*

ACME CANNING COMPANY.

Washington.    Opinion September 24, 1923.

*When the report of a Master is recommitted for further hearing of the parties, and the parties agree that the report of the Master upon such further hearing shall be final, it must be so regarded, and the parties must abide by the report.*

Newly-discovered evidence is proper for consideration upon a motion to recommit a Master's report.

But evidence alleged to be newly discovered, taken at the term of court following the date of decree appealed from, cannot change the result, where there is nothing to show that the new evidence was not available at the time of the hearing before the Master, or could not have been discovered by the exercise of reasonable diligence in the interval between the hearing and the date of the report; or it does not appear that it is probable that the findings of the Master would thereby have been changed.

On appeal.    This is an appeal by plaintiff from a decree of a single Justice accepting the report of Special Masters wherein a balance of $725.97 was found due from plaintiff to defendant.

Appeal dismissed.    Decree of sitting Justice affirmed.

The case is stated in the opinion.

*A. D. McFaul* and *J. H. Gray,* for plaintiff.

*Gray & Sawyer,* for defendant.

SITTING:    CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, JJ.

MORRILL, J.    This cause is before the Law Court upon an appeal by the plaintiff from the final decree of a single Justice upon and in accordance with the report of Special Masters, a motion to recommit said report having been denied and the report accepted.    The record in the case is imperfect, because incomplete; neither the bill, answer nor replication is before us, nor any docket entry prior to the second day of the January Term, 1918, of this Court in Washington County;

nor are all the exhibits, referred to in the transcript of the testimony before the Masters, printed as a part of the record.

The report of the Special Masters has to do with the accounts between the plaintiff and defendant; it is therefore necessary to ascertain the duties of the Masters as fixed by the order of reference. On the second day of said January Term a decree was entered by which it was "ordered and decreed that the said George B. Boynton file  .  .  .  .  a true statement of the affairs of said company, as Treasurer and Manager thereof and of his own private account with said corporation, and that Leo D. Lamond be and is hereby appointed Master in Chancery to determine said amounts and hear the parties in reference to the same." At the January Term, 1919, the Master filed his report, and at the May Term following the same was recommitted, but any further instructions do not appear. An amended report was later filed, submitting in detail a statement of the affairs of said company and a statement of George B. Boynton's private account with said corporation as submitted and determined by the Master, which statement was annexed to the report, showing an indebtedness of the defendant to the plaintiff as found by the Master, on private account, of $6,358.44, and on mortgage, of $2,604.92. The only evidence before us as to the court's action upon this amended report, appears from the docket entries as follows: "Exceptions to Special Master's Rep. filed Jan. 10, 1920. By agreet. of parties the amend. Rep. of Leo D. Lamond Spec. Master in Chancery is to be recommitted to said Lamond Spec. Master and to L. H. Newcomb Genl Master in Chancery they to hear the parties, their witnesses and evidence touching such account or accounts as have already been presented to said Lamond as Spec. Master. Said Masters to make Rep. after hearing, which report, the parties now represented in open court, agree shall be accepted as final upon said account or accounts." The Masters heard the parties and made their report, dated March 1, 1922, at the May Term, 1922; at the request of the plaintiff's attorney they report ten special findings of fact upon which their findings are "founded in part." The report does not transmit to the court the evidence taken before the Masters; it reported their conclusions only, in accordance with approved equity practice. *Mason* v. *Y. & C. Railroad Co.,* 52 Maine, 82, 115. *Simmons* v. *Jacobs,* id. 147, 154. *Nichols* v. *Ela,* 124 Mass., 333, at foot of Page 337. *Lincoln* v. *Eaton,* 132 Mass., 63, 71.

Nor does the report show that objections were taken before the Masters and overruled by them, and exceptions taken afterwards based on such particular objections, in which case it would have been the duty of the Masters, if so requested, to annex to their report so much of the evidence as bears upon such overruled objections, so that exceptions might be raised thereon. *Cary* v. *Herrin,* 62 Maine, 18. If such request is refused, application may be made to the sitting Justice for an order to the Masters, directing them to comply with the request, before hearing on the exceptions.

The plaintiff filed a motion to recommit the report of the Masters, alleging six reasons therefor, all relating to matters of fact clearly within the scope of the reference. The ruling denying this motion was clearly right. The parties had agreed that the report should be accepted as final, and it must be so regarded.

The so-called "newly discovered evidence" taken at the term of court following the date of the decree and appeal, which was reported by the presiding Justice "to be considered by the Law Court in connection with the appeal if the same can properly be so considered," cannot change the result. Newly-discovered evidence is proper for consideration upon a motion to recommit a Master's report; but here there is nothing to show that the new evidence was not available to the plaintiff at the time of the hearing before the Masters; or could not have been discovered by the exercise of reasonable diligence in the interval of fifteen months between said hearing and the date of the report, nor can we say that it is probable that the findings of the Special Masters would thereby have been changed.

The accounting in question has been before the court for a long time; the report of a Master thereon has been twice recommitted, the last time with the agreement that the report should be accepted as final. We think that the parties must abide by the report.

> *Appeal dismissed.*
> *Decree of sitting Justice affirmed.*