JOHN MARRA, trustee, *vs.* JAMES H. BIGELOW,
administrator, & another.

Hampden.    September 25, 1901. — October 19, 1901..

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Equity Pleading and Practice,* Master's report, What open under denial in answer,
Exception to form of question or to answer of witness as not responsive.

When by an order of court a case is sent to a master "to hear the parties and ex-
amine their vouchers and evidence, and to determine the facts, and make report
thereof to the court," the master is not obliged to report the evidence.

Where a master does not report the evidence the court cannot determine whether
the evidence was sufficient as matter of law to warrant a finding made by him.

A bill in equity by a trustee under a will prayed for the payment to the plaintiff
of a deposit represented by a savings bank book alleged to have been the prop-
erty of the plaintiff's testator and by him intrusted to the defendant's intestate.
The answer denied the allegations of the bill. *Held,* that under this answer
the defendant might show that the plaintiff's testator delivered the book to the
defendant's intestate with the intention of giving it to him, and a master so
might find.

An exception to a question allowed by a master to be put to a witness, after a gen-
eral objection only, cannot be sustained on the ground that the question was not
in proper form. The same is true of a portion of an answer of a witness ex-
cepted to as irresponsive, when the excepting party had made no request of the
master to strike out any part of the answer as not responsive.

BILL IN EQUITY brought by the trustee under the will of
Peter Marra against James H. Bigelow, administrator of the
estate of Eliza A. Bigelow, daughter of Peter Marra, and the
Hampden Savings Bank, praying for a decree ordering James
H. Bigelow, as administrator, to transfer to the plaintiff all his
interest in certain money, intrusted to Eliza A. Bigelow by
Peter Marra and deposited by her in her own name in the de-
fendant bank, and all his interest in the book representing the
deposit, and ordering the bank to pay the money so deposited to
the plaintiff, filed October 22, 1898.

In the Superior Court the case was heard upon a master's
report by *Aiken,* J., who made a decree dismissing the bill; and
the plaintiff appealed.

The facts found by the master except so far as referred to in
the opinion are made immaterial by the decision of the court.
The order appointing the master was as follows : " And now it

is ordered by the court that E. P. Kendrick, Esq., be, and he is hereby appointed special master in the above named action, to hear the parties and examine their vouchers and evidence, and to determine the facts, and make report thereof to the court as soon as may be."

*D. E. Tilley,* (*S. S. Taft* with him,) for the plaintiff.

*W. B. Stone,* for the defendants.

LATHROP, J.  The plaintiff at the argument waived all his exceptions to the master's report except the first, ninth, tenth, eleventh and twelfth.

The controversy between the parties was whether a certain savings-bank book belonged at the death of Peter Marra to his estate or to his daughter Eliza Ann Marra.  On an examination of the report of the master, we are of opinion that it is not open to the objections stated in the first exception, except that the evidence is not reported.  But under the order sending the case to the master he was not obliged to report the evidence. *Parker* v. *Nickerson,* 137 Mass. 487.  *Bowers* v. *Cutler,* 165 Mass. 441.  *Silva* v. *Turner,* 166 Mass. 407.  The first exception must be overruled.

As the evidence is not reported we are unable to determine whether the evidence was sufficient, as matter of law, to warrant the finding that the book was given by Peter to Eliza.  The ninth exception must be overruled.

As to the tenth exception it is contended that the finding of the master that the book was given by Peter to Eliza was not raised by the pleadings.  The bill proceeds upon the ground that the book was the property of Peter, and the answer denies the allegations of the bill except as thereinafter specified.  It was open, therefore, for the defendant to show, in answer to the plaintiff's claim, that Peter delivered the book to Eliza with the intention of giving it to her; and for the master so to find.

The eleventh exception relates to a question and answer in the examination of Mr. Bigelow.  The question was objected to at the time, and an exception saved.  It is now contended that the question was leading, but the objection was a general one, and there was no objection made on the ground that it was leading.  It is too late now to contend that the question, in this or in other respects, was not in proper form.

The twelfth exception relates to another question put to Mr. Bigelow and his answer thereto. The witness was asked : " Did she [meaning Mrs. Bigelow] in the presence of Mrs. Gray, make any request upon you to go to Mr. Marra about this book, and, if so, what did she say ? " This question being objected to, the following question was put : " Go on and tell what her message was to him ? " The witness answered : " Mrs. Bigelow told me to go and see the uncle and tell him she was going to make a demand on him for that book. She requested me to go and tell her uncle to come up, that she wanted to see him. I am going to make a demand on him for that book or the money in the bank, she said. I went down and I saw Mr. Marra and I told him that Mrs. Bigelow wants to see you about something, she is sick and she wants to see you." The admission of the last question and answer is the subject of the twelfth exception.

It is contended that the question was improper as there had been no answer to the previous question, and that it was an unwarranted assumption on the part of counsel that there was any message ; and that the answer should have been stricken out, as it was unresponsive, except as to the message actually delivered to John Marra. The two questions were really one, as the answer to the first had been interrupted by the plaintiff's objection. No objection was taken to the question for form, and no request was made to strike out any part of the answer as not responsive. The question of the competency and materiality of the question and answer have not been argued, and we must treat it as waived. But, if the question were open, it is a sufficient answer that the bill of exception does not state all of the evidence bearing upon the questions or show enough to enable us to say, as matter of law, that an error was committed.

The result is that the exceptions to the master's report are overruled, and the

*Decree affirmed.*