BRIDGET DUFFY *vs.* JAMES D. HOGAN & others.

Berkshire.    September 14, 1909. — October 21, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Equity Pleading and Practice,* Master's report, Motion to recommit, Appeal, Decree, Review. *Rules of Court. Executor and Administrator. Compromise,* Of controversies concerning wills. *Equity Jurisdiction,* Specific performance, To review decree. *Contract,* Construction. *Supreme Judicial Court.*

An appeal, in a suit in equity, from an order of a judge of the Superior Court refusing to consider exceptions to certain rulings and findings of a master, cannot be sustained, where no objections to the master's report were filed by the appealing party within five days from notice of the completion of the report, as required by Equity Rule 31 of the Superior Court.

Where, in a suit in equity, the rule by which the case was referred to a master requires him to report " any evidence which either of the parties may desire to have reported and may request at or before the hearing on the preliminary draft," a party, after the master has filed his report in court, is not entitled to

have the case recommitted to the master for the reporting of further evidence, when his first request for the reporting of such additional evidence is contained in his motion to recommit, the granting of the motion under such circumstances being within the discretion of the judge to whom it is addressed.

A suit in equity, in which a material fact to be determined was the value of certain real estate left to one of the parties by a testator named H., was referred to a master, who filed his report. A motion was made to recommit the case to the master to ascertain " the fair value of said real estate assuming first, that said real estate was owned in fee simple by said H. at the time of his decease, and second, assuming that he had only a life estate in a portion thereof and owned the balance in fee simple." The judge who heard the case denied the motion. *Held,* that the decision of the question whether the case should have been recommitted for this reason was within the discretion of the judge, which this court, upon the evidence reported, found to have been exercised wisely.

An appeal from a final decree in a suit in equity, by one of the defendants therein, cannot be sustained on the ground that the decree does not order that a balance found to be due to the plaintiff shall be paid to the plaintiff, who makes no complaint in regard to it and has not appealed.

A bill in equity by a legatee under a will against the other legatees under the same will, who, after an appeal had been taken from the decree of the Probate Court allowing the will, had joined with the plaintiff in making an agreement of compromise with the contestant, by which the will was allowed to be proved and the administrator with the will annexed of the estate of the testator was to pay out of the estate certain sums of money to the contestant and her counsel and to the counsel for the several parties " in behalf of said will," and such payments were to be apportioned and paid out of the respective shares of the parties to the agreement of compromise in proportion to the amounts received by them under the will, alleged that there were not in the hands of the administrator funds sufficient to pay the expenses of administration and the legacy to the plaintiff, and prayed that the defendants should be ordered to pay the sums of money due from them under the agreement of compromise and that the administrator should be directed to pay to the plaintiff such sum of money as was due to her thereunder. The facts were proved as alleged, and the judge who heard the case made a final decree ordering the several defendants to pay to the administrator with the will annexed certain sums found by a master to be due from them respectively under the agreement of compromise, but made no order for a payment to the plaintiff of the money found to be due to the plaintiff. *Held,* that the decree was right in ordering that the payments should be made to the administrator and in making no order for a payment to the plaintiff; that when the will was allowed in pursuance of the agreement of compromise it became the duty of the administrator with the will annexed to administer the estate in accordance with the provisions of the will and of that agreement; that this duty of the administrator would be enforced specifically by ordering the defendants to pay to the administrator the money which they had agreed to pay, so that the administrator might have the funds necessary to carry out the agreement of compromise; but that when this had been done the jurisdiction of the court in equity came to an end, and the distribution of the funds by the administrator should be left to be accounted for in the Probate Court.

In a suit in equity to require an administrator with the will annexed to carry out the terms of an agreement of compromise, in pursuance of which the will

had been allowed, and to compel the several parties to the agreement of compromise to perform a provision contained in that agreement, that certain payments to be made thereunder were to be made to the administrator with the will annexed out of the respective shares of the parties to the agreement of compromise in proportion to the amounts received by them under the will, two of the defendants who were parties to the agreement of compromise were the residuary legatees under the will. The judge who heard the case made a final decree ordering the several defendants to pay to the administrator with the will annexed certain sums found by a master to be due from them respectively under the agreement of compromise. On an appeal from this decree it was objected that, until the Probate Court had allowed the final account of the administrator, the amount coming to the residuary legatees could not be ascertained conclusively. *Held,* that, although this was true, it did not prevent the enforcement of the agreement of compromise; because that agreement could not be carried into effect unless an estimate was made of the amounts which the residuary legatees would receive under the will, and therefore the making of such an estimate must have been an implied term of the agreement.

When a suit in equity comes to the full court on an appeal from a decree entered on a master's report to which no exceptions were taken, the only question is whether on the facts shown by the master's report, with such inferences of fact as are drawn by this court, the decree is right.

If, after a final decree in a suit in equity has been entered, new evidence is discovered which should entitle the defeated party to a new hearing, his remedy is to file in the court in which such decree was made a bill to review the decree.

Reference by LORING J., to the provision of R. L. c. 159, § 24, that on an appeal in equity the full court in cases of accident or mistake may grant leave to parties to exhibit further evidence.

BILL IN EQUITY, filed in the Superior Court on November 9, 1905, and amended on October 6, 1906, by Bridget Duffy, alleging that she was a legatee under the will of Michael Hogan, late of Pittsfield, that said will was allowed in the Probate Court for the county of Berkshire on January 26, 1901, and that by it the plaintiff was given a legacy of $500, which she never had received; that an appeal was taken from decrees of the Probate Court allowing the will, and that, during the pendency of the appeal in the Supreme Judicial Court, a settlement was reached and an agreement in writing was entered into between certain of the legatees, as follows: " This agreement made and entered into by and between Maria Hogan Barry and Daniel Hogan, James D. Hogan and Bridget Duffy, all legatees under the will of Michael Hogan, witnesseth. It is agreed that there shall be paid by the administrator with the will annexed, of said Michael Hogan as soon as he shall be appointed to E. M. Wood, Esquire, the sum of five hundred dollars, to Honora Davis the

sum of seventeen hundred dollars, in all twenty-two hundred dollars; that the above named sums together with the amount due our respective counsel for services in our behalf and in behalf of said will shall be paid by said administrator with the will annexed and that the sum so paid shall be apportioned and paid out of our respective shares in proportion to the amount received by us under said will of Michael Hogan." Here followed an attesting clause and the signatures of the parties named above and of two witnesses. The bill further alleged that the defendants Maria Hogan Barry, Daniel Hogan and James D. Hogan had neglected and refused to carry out their part of the agreement and had failed to agree on the value of their respective shares and on the manner of determining the value of their shares; that Charles L. Frink, of North Adams, who was made a defendant, was the administrator with the will annexed of the estate of Michael Hogan aforesaid, deceased, and had partially administered that estate, and had paid certain sums of money in accordance with the aforesaid agreement, but that there was not sufficient money or personal property belonging to the estate in the hands or possession of the administrator to pay the expenses of administration and the legacy in the will to the plaintiff; that by the terms of said agreement the parties thereto, who were the defendants, ought and should be ordered and directed by the court to pay over to Charles L. Frink, administrator as aforesaid, all the sums provided in the agreement and in accordance therewith. The bill prayed that the parties to the agreement should be ordered and directed by the court to pay to the administrator such sum or sums as might be found due and payable by the terms of the agreement; and that Charles L. Frink, as such administrator, should be ordered and decreed out of the sums of money so paid to him to pay to the plaintiff whatever sums might lawfully be due to her as provided by the agreement and in the will.

By an order of the Superior Court the case was referred to Edward T. Slocum, Esquire, as master, " to hear the parties and their evidence and find the whole amount that is to be paid under the agreement set out in the plaintiff's bill of complaint; the value of the respective shares received by the parties to said agreement under the will of said Michael Hogan and also find

the amount which each of said parties to said agreement must contribute under said agreement to the payment of the sum found due as aforesaid, and report all said findings to the court with any evidence which either of the parties may desire to have reported and may request at or before the hearing on the preliminary draft report together with such questions of law as may arise on said hearing or hearing on draft report."

The master filed a report making findings in favor of the plaintiff which are stated in the opinion.

The defendant James D. Hogan filed certain objections and exceptions to the master's report, which were overruled by *Bishop*, J., because " no objections were filed before the master within five days as required by the rule."

The case was heard upon the master's report by *Bishop*, J., who made a decree confirming the master's report and ordering that a final decree should be entered in conformity with the master's report, and directing that there should be paid to Charles L. Frink, administrator with the will annexed of Michael Hogan, by the defendants Maria Hogan Barry and Daniel Hogan the sum of $538.10, by the defendant James D. Hogan the sum of $2,647.84, and by the plaintiff Bridget Duffy the sum of $163.06.

The defendant James D. Hogan moved " that the report be recommitted to the master with instructions to ascertain and report to the court: 1. All the evidence which he has heretofore heard and which may be hereafter heard by him upon the question of the title of the said Michael Hogan to the real estate devised by him to the respondents, Daniel Hogan and Maria Hogan Barry. 2. The fair value of said real estate assuming first, that said real estate was owned in fee simple by said Michael Hogan at the time of his decease, and second, assuming that he had only a life estate in a portion thereof and owned the balance in fee simple." This motion was denied by the judge.

Thereafter a final decree was made by the judge in accordance with his order stated above. The defendant James D. Hogan appealed from the order of the judge refusing to consider exceptions filed by that defendant to certain rulings and findings of the master, from the order of the judge denying his motion to recommit the master's report, and from the final decree.

*H. C. Joyner,* for the defendant James D. Hogan.

*J. J. Nelligan, M. E. Couch & C. P. Niles,* respectively, for the plaintiff and for the defendants other than James D. Hogan.

LORING, J.   This suit is before us on appeals taken by the defendant James D. Hogan (1) from an order refusing to consider exceptions to certain rulings and findings of the master, (2) from an order denying a motion to recommit the master's report, and (3) from the final decree.

1. No objections were filed to the master's report within five days, as required by the Equity Rule 31 of the Superior Court. The first appeal is not well taken.   *Quimby* v. *Tapley,* 202 Mass. 601.   *Hillier* v. *Farrell,* 185 Mass. 434.

2. By the terms of the rule to him, the master was required to report " any evidence which either of the parties may desire to have reported and may request at or before the hearing on the preliminary draft."   The first request for a report of any evidence disclosed on this record is that contained in the motion to recommit.   The fact that the first request for a report of evidence is in a motion to recommit shows that the request was not made within the time specified in the rule to the master. Apart from the provision for the report of evidence in the rule to the master, the parties had no right to it; that is a matter lying in the discretion of the court.   *Henderson* v. *Foster,* 182 Mass. 447.

The other reason for the motion to recommit was to ascertain " The fair value of said real estate assuming first, that said real estate was owned in fee simple by said Michael Hogan at the time of his decease, and second, assuming that he had only a life estate in a portion thereof and owned the balance in fee simple."   Whether the case should be recommitted for this reason was within the discretion of the judge, and it affirmatively appears that the judge of the Superior Court exercised his discretion wisely.   This appeal is not well taken.

3. The remaining question is whether on the facts stated in the master's report, or on those facts with such inferences of fact as this court may draw from them, the defendant can complain of the decree made by the Superior Court.

It appears from the master's report that one Michael Hogan died testate on December 10, 1900.   By the third clause of his

will he devised to the defendants Maria Hogan Barry and Daniel Hogan certain real estate in North Adams. By the fourth clause he bequeathed to the plaintiff (his housekeeper) $500, and by the same clause he devised to the defendant James Hogan his land in Pittsfield, his farming utensils, his household goods, with similar personal property, and $1,000 in money. By the sixth clause he gave the residue of his estate to the defendants Maria and Daniel in equal shares. The will as a whole is nowhere set forth in the record.

Michael's will was admitted to probate by the Probate Court on January 26, 1901. An appeal was taken from that decree by one Honora Davis, a sister of the deceased. On May 14, 1901, an agreement of compromise was made by which the will was to be admitted to probate, $1,700 was to be paid to Honora Davis, the contestant, and $500 to E. M. Wood, Esquire, her attorney, in all $2,200; these sums, together with the amounts due counsel for the several parties and counsel " in behalf of said will," were to be paid by the administrator with the will annexed, and " apportioned and paid out of our respective shares in proportion to the amount received by us under said will."

In the following June the defendant Frink was appointed administrator with the will annexed, and on February 6, 1904, the defendants Maria Hogan Barry, Daniel Hogan and James Hogan entered into an agreement by which they agreed that the value of the property coming to Daniel and Maria was $1,650, and that the real estate coming to James was $7,300 less the expense of defending his title to the real estate devised to him ; " and that the above values shall be taken as the basis of computing the several amounts to be paid into the estate in accordance with a certain agreement signed by us and Mrs. Duffy, dated May 14th, 1901."

At some time before April 12, 1906, the present bill was filed by the plaintiff (the housekeeper to whom the testator left $500), setting forth her legacy, the appeal from the probate of the will and the agreement of compromise, and alleging that Maria, Daniel and James have neglected and refused to value their shares. By amendments to the bill of complaint, made after the special administrator was appointed, he was made a party defendant and it was alleged that there was not then in the

administrator's hands funds sufficient to pay the expenses of administration and the legacy coming to the plaintiff. The plaintiff asked that the defendants Maria, Daniel and James should be ordered to pay the sums due from them under the agreement of compromise, and that the administrator should be directed to pay to the plaintiff such sums as were due to. her thereunder.

On April 2, 1906, the case was sent to a master to " find [1] the whole amount that is to be paid under the agreement set out in plaintiff's bill of complaint, [2] the value of the respective shares received by the parties to said agreement under the will of said Michael Hogan and [3] also find the amount which each of .said parties to said agreement must contribute under said agreement to the payment of the sum found due as aforesaid."

The master reported that the whole amount to be paid to Honora Davis and her counsel was $2,200; to the counsel for Maria and Daniel, $500; to the counsel for James, $549; and to the counsel for the plaintiff, $100; in all, $3,349.

He reported that nothing passed to Maria and Daniel under the devise of real estate in North Adams, and that the share which will be received by them under the residuary clause is by force of the agreement of February .6, 1904, and apart from it, of the value of $1,650; that the value of the real estate devised to James was $7,300, from which was to be deducted under the agreement of February 6, 1904, $500, making the net value of it $6,800, to which was to be added $319 as the value of the personalty bequeathed to him, and the pecuniary legacy of $1,000, making the value of the whole share coming to him $8,119. The value of the plaintiff's share was $500. This made the value of all these shares $10,269.

He then found the several sums to be contributed under the agreement of May 14, 1901, to be: Maria and Daniel, 1650–10269ths of $3,349, = $538.10; James, 8119–10269ths of $3,349, = $2647.84; and the plaintiff, 500–10629ths of $3,349, = $163.06. The final decree directed the several defendants to pay the said several sums to the administrator.

The first objection taken to the decree by the defendant James Hogan at the argument in this court is that it does not provide for payment to the plaintiff of the balance so found to be due her, to wit, $500 less $163.06, as prayed for in the bill. The plain-

tiff has not complained of that, and James Hogan, who alone
has appealed, could not if it were wrong.    But it is plainly right.
When the will was allowed in pursuance of the agreement of
compromise it became the duty of the administrator with the
will annexed to administer the estate in accordance with the
provisions of the will and of that agreement; *Bartlett* v. *Slater*,
182 Mass. 208, 210 ; and that duty will be specifically enforced.
*Blount* v. *Wheeler*, 199 Mass. 330.    The plaintiff had a right to
have the money (which the defendants had agreed to pay) paid
to the administrator, that he might have the funds necessary to
carry the agreement of compromise into effect.    When that had
been effected the jurisdiction of the court of equity came to an
end, and the distribution of the funds by the administrator was
properly left to be accounted for in the Probate Court.

The second objection urged by him is that, until the Probate
Court has allowed the final account of the administrator, the
amount coming to Maria and Daniel as residuary legatees will
not be finally ascertained.    That is true.    But the agreement of
compromise could not be carried into effect if an estimate of
that amount were not made.    For that reason there was an
implied term to that effect in the agreement.

4.  The appellant has undertaken to make in this court a new
motion to recommit the suit to the master on the ground of
newly discovered evidence, and has offered affidavits in support
of it.    Where a suit comes to the full court on an appeal from a
decree entered on a master's report, to which report no excep-
tions have been taken, the only question (as we have said) is
whether, on those facts or on those facts coupled with such
inferences of fact as may be drawn by this court, the decree
in question is right.    See *Lakin* v. *Lawrence*, 195 Mass. 27.
If evidence is discovered after a final decree has been entered,
which evidence would entitle the plaintiff to a rehearing, the
remedy of the party discovering the evidence is to file a bill to
review the final decree.    Such a bill cannot be filed in this
court.    *Crocker* v. *Crocker*, 198 Mass. 401.

There is no pretense that this case comes within R. L. c. 159,
§ 24, re-enacting St. 1859, c. 237, § 6, which provides that
where witnesses are examined orally it shall be competent for
the full court to grant leave to parties in special cases of acci-

dent or mistake to exhibit further evidence before them, as to which see *Mason* v. *Lewis,* 115 Mass. 334, 336; *Montgomery* v. *Pickering,* 116 Mass. 227, 230; *Mason* v. *Daly,* 117 Mass. 403.

*Decree affirmed.*