JAMES CUNNINGHAM & another vs. WORCESTER FIVE CENTS SAVINGS BANK & another.

Worcester. January 26, 1916. — March 4, 1916.

Present: DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

Contract, Construction, Performance and breach. *Equity Pleading and Practice,*
Request for rulings by master, Exceptions to master's report, Motions as to
hearings before master and his report, Appeal.

Where an owner of land gives to a bank in writing an order to "pay to the order
of" a building contractor a certain sum of money "on architect's order and
authorization by" the owner, the bank acts within the order if it makes a
payment to the contractor on an order in writing by the architect which is
authorized by the landowner orally.

An exception to a finding of fact by a master which is not inconsistent with other
findings in his report will be overruled if the evidence upon which the finding
was made is not reported.

A master is justified in his discretion in refusing to consider requests for rulings·
which were presented to him for the first time more than a month after his
draft report had been submitted to the parties and within the five days fol-
lowing the submission to counsel of the final draft of his report during which by
Equity Rule 31 formal objections may be filed with him as the basis of ex-
ceptions to the report.

Incompleteness of a master's report is a proper ground for a motion to recommit
the report, but it is not a proper subject of an exception to the report.

In the present suit the discretion of a judge who, after the filing of a master's
report, heard and denied motions of the plaintiff to recommit the report, to
vacate the report and commit the case to another master, to report the evi-
dence, to strike out certain portions of the draft report, and for a further hearing,
was held not to have been exercised wrongly.

BILL IN EQUITY, filed in the Superior Court on September 1,
1911, and afterwards amended, against the Worcester Five Cents
Savings Bank and one Francis J. Yates, a building contractor,
alleging in substance that the plaintiffs had given to the defend-
ant bank a mortgage to secure their promissory note for $4,800,
that only $1,600 of that amount had been paid to the plaintiffs
by the defendant bank, that the defendant bank had paid to
the defendant Yates without authorization by the plaintiffs an
additional $2,000, that, because the plaintiffs had refused to rec-
ognize that payment as a part of the debt secured by the mort-
gage and to pay interest thereon, the defendant bank had begun

foreclosure proceedings, and that the plaintiffs always have been ready and willing to pay the defendant bank $1,600 and interest and still offered to do so. The prayers of the bill were that the defendant bank be enjoined from proceeding further with the foreclosure proceedings, that the amount due to the bank from the plaintiffs be determined, and that, upon payment of such amount by the plaintiffs to the bank, the mortgage be discharged.

The suit was referred to a master. The substance of his findings is stated in the opinion, where also are described seven motions by the plaintiffs. The motions were heard by *Fox*, J., and, as stated in the opinion, five of them were denied. The plaintiffs alleged exceptions to the denial of such motions and the exceptions were allowed. While these exceptions were pending, the following order, purporting to be a decree and signed by *Wait*, J., was filed:

"This cause came on to be heard on motion to confirm the master's report and for a decree, and was argued by counsel. On consideration thereof it is ordered that the exceptions to the report of the special master be and they are overruled, the report of the special master be and it is confirmed; and it is further ordered, adjudged and decreed that the bill of complaint be and it is dismissed, without costs."

The plaintiffs appealed from the foregoing "decree."

*J. M. Hoy*, (*E. O. Proctor* with him,) for the plaintiffs.

*J. H. Reid*, for the defendants.

CARROLL, J. The plaintiffs made a contract with Francis J. Yates to build a house. The plaintiffs borrowed from the defendant savings bank $4,800 and gave a note for that amount, secured by a mortgage, and left with the bank an order directing it to "pay to the order of Francis J. Yates, on architect's order and authorization by James Cunningham, $4,800." The bank paid $1,600 on the joint order, in writing, of Cunningham and the architect, and later it made a payment of $2,000 to Yates on the written order of the architect, not authorized, in writing, by Cunningham but orally, by him.

The case was referred to a master. He found that Yates demanded of Cunningham the balance due on the contract, and Cunningham said, "Go to the architect and if he says it is all

right, you can get your money." The architect gave Yates a certificate, he presented it at the bank and was paid $2,000.

Under the agreement filed with the bank, Cunningham could have authorized Yates to receive the money, without any writing to that effect or notification. With the written order, all that it was necessary for the bank to know was that Yates was authorized by Cunningham to receive the amount stated. The master found that Yates was so authorized. The evidence is not reported and we cannot disturb the finding. *O'Brien* v. *Murphy*, 189 Mass. 353.

The master's first draft report was submitted to counsel on October 2, 1914. Certain requests of the plaintiffs were considered by the master and dealt with in his final draft, which was submitted to counsel on November 9, 1914. When this report was submitted, counsel were notified that five days were allowed to bring in written objections. Within the five days objections were filed and, at the same time, requests for rulings were filed by the plaintiffs. The master refused to consider these requests. There was no error in refusing them. They were not asked for at the proper time. As was said by Hammond, J., in *Graves* v. *Hicks*, 194 Mass. 524, when considering Rule 45 of the Superior Court, providing that an exception, to be allowed, must be taken at the time the opinion, ruling, direction or judgment was given, "we think that the principle should be applied to orders in equity."

The plaintiffs then filed exceptions fourteen to sixteen. Exception fourteen was properly overruled. It was based on the master's refusal to grant the requests above referred to. The fifteenth exception, in effect, was that the report was incomplete. This was a matter to be passed upon by the judge, on proper motion, and the motion of the plaintiffs to this effect was later considered by him. This exception was properly overruled.

There was no error in overruling the sixteenth exception.

The plaintiffs then filed seven motions, some of which were allowed. The judge refused the motions, (1) to recommit the report, (2) to vacate the report and commit it to another master, (3) to report the evidence, (4) to strike out from draft report, (5) for further hearing. These were all matters within the discretion of the court and we see nothing wrong in the decision.

*Bakshian* v. *Hassanoff,* 186 Mass. 255. *Parker* v. *Nickerson,* 137 Mass. 487. *Henderson* v. *Foster,* 182 Mass. 447. *New York Bank Note Co.* v. *Kidder Press Manuf. Co.* 192 Mass. 391. *Ginn* v. *Almy,* 212 Mass. 486, 496. To these rulings of the judge the plaintiffs filed exceptions, they also appealed. No final decree could be entered when exceptions were pending, and we treat the form of decree as an order for a decree.

> *Exceptions overruled.*
> *Order for a decree dismissing plaintiffs' bill affirmed.*