DANIEL L. SMITH *vs.* JOHN B. LLOYD & others.

Suffolk.   March 14, 15, 1916. — May 18, 1916.

Present: RUGG, C. J., LORING, DE COURCY, & CROSBY, JJ.

*Equity Pleading and Practice*, Master's report. *Attorney at Law.*

Where by an interlocutory decree a suit in equity has been referred to a master
"to find the facts and to report the same to the court," the duty of the master is
performed by a statement of his conclusions with such narration of the facts as
may be necessary to enable the court to comprehend the steps by which his
conclusions have been reached and to decide whether they are correct in law.

Under such a rule to the master he is required to report evidence only so far as is
necessary to present intelligibly and fairly any question of law raised before
him at the hearing.

Under such a rule the master is not required to report all the evidence even by a
request to rule that one of the parties is not entitled to prevail on all the evi-
dence.

Where, under such a rule, after the master has submitted his draft report, requests
for rulings or exceptions raise questions whether certain findings are supported
by the evidence, this does not require as a matter of right that the master
should report substantial parts of the evidence.

The intention and effect of the rule to the master quoted above is to leave to his
final determination the decision of all matters of fact.

A motion to recommit the report of a master made under such a rule for further
findings and the report of parts of the evidence is addressed to the discretion of
the trial judge, and ordinarily such a motion is not granted in the absence of
some special reason.

It here was *said*, that it is difficult to conceive of any matter more purely a ques-
tion of fact than the fair value of the services of an attorney at law.

RUGG, C. J.   This is a suit in equity whereby the plaintiff, who
is an attorney at law, seeks to establish a debt against the prin-
cipal defendant for services rendered and to reach and apply in
payment thereof property of the principal defendant in the hands
of the other defendants.   An interlocutory decree was entered
sending the case to a master "to find the facts and to report the
same to the court."   An elaborate and comprehensive report has
been made covering the issues raised by the pleadings in conformity
to this decree.   It contains no report of the evidence.   On the com-
ing in of the master's report the plaintiff moved that the case be

recommitted to the master for further findings and the report of parts of the evidence.*

The terms of reference of a suit in equity to a master rest in each instance in the sound judicial discretion of the court. The master is not bound to report all the evidence unless required to do so by the order of reference. Without such requirement it is irregular to report the evidence at the request of either party. The duty of a master, whose rule directs him to find and report the facts in issue, is performed by a statement of his conclusions only, together with such narration of the facts as may be essential in order to enable the court to comprehend the steps by which his conclusions have been reached, and to decide whether they are correct. These principles long have been established. *Nichols* v. *Ela*, 124 Mass. 333, 336. *Parker* v. *Nickerson*, 137 Mass. 487, 490, 491. It is the duty of a master to report evidence so far as necessary to present intelligibly and fairly any question of law raised before him at the hearing. *East Tennessee Land Co.* v. *Leeson*, 183 Mass. 37. But this does not mean that all the evidence can be required to be reported under a reference like the present, even by a request to rule that either party is not entitled to prevail on all the evidence. *Young* v. *Winkley*, 191 Mass. 570, 575. *Marra* v. *Bigelow*, 180 Mass. 48. *New York Bank Note Co.* v. *Kidder Press Manuf. Co.* 192 Mass. 391, 405. Nor does it mean that after the draft report has been submitted and parties know the decision of the master, then requests or exceptions relative to the point whether certain findings are supported by the evidence may as matter of right render necessary the report of substantial parts of the evidence.

So far as questions of law are raised during the progress of the hearing, then enough evidence must be included in the report to enable an intelligent review to be made of the correctness of the ruling, so far as it was necessary to make a ruling, as, for example, in the admission or exclusion of evidence. But the form of the pres-

---

* The suit was brought in the Supreme Judicial Court. The case was heard by *Braley*, J., who was of opinion that a decree should be entered denying the motion to recommit, overruling all of the plaintiff's exceptions to the master's report that had not been waived and ordering that the bill be dismissed with costs; but at the request of the plaintiff he reported the case for determination by the full court.

ent rule was designed and had the effect to leave to the final determination of the master the decision of all matters of fact. *Warfield* v. *Adams*, 215 Mass. 506, 511. The master's report conformed to these principles.

The motion to recommit the report was addressed to the discretion of the court. Ordinarily such a motion is not granted in the absence of some special reason. *Henderson* v. *Foster*, 182 Mass. 447. *Duffy* v. *Hogan*, 203 Mass. 397, 402. *Crosier* v. *Kellogg*, 210 Mass. 181. *Cook* v. *Scheffreen*, 215 Mass. 444, 448. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 494. The only question open is whether there was an abuse of discretion in denying the motion. There is nothing to indicate any exceptional reason for recommitting the report. It is not necessary to review the reasons alleged in the motion. The findings of the master were all direct and positive upon the essential facts and in no sense speculative or conjectural. The findings requested by the plaintiff were plainly irrelevant to the issues. Those objected to by him are not scandalous or impertinent.

None of the exceptions to the master's report ought to be sustained. Merely to blacken the reputation of others did not support the plaintiff's claim. The master's report shows a careful analysis of the character of the plaintiff's services to the defendant and the circumstances under which they were rendered. Whether the plaintiff was the efficient cause of bringing about the result of the removal of the guardianship, the termination of the trust and the escape of the defendant from the debasing conditions under which he lived,* all were pure questions of fact as to which the report discloses a painstaking consideration of pertinent facts and a clear conclusion. The relations of the defendant with Miss Sullivan † and the circumstances of their intimacy, and the plaintiff's position respecting that affair, bore upon the issue of the plaintiff's services and the causes which dominated the conduct of the principal defendant and its effect upon the final result. It is difficult to conceive of any matter more purely a question of fact than the fair value of the services of an attorney.‡

---

\* The principal defendant had been under guardianship as a spendthrift.

† See *Sullivan* v. *Lloyd*, 221 Mass. 108.

‡ The bill alleged that the plaintiff's services were reasonably worth $50,-000, that the principal defendant had paid the plaintiff on account of such services $14,450 and that there was due to the plaintiff a balance of $35,550.

A master is not required to state every subsidiary circumstance which brings his mind to its ultimate determination as to the facts.

The appearance of witnesses while testifying is always an important element in weighing the value of testimony.

It is not necessary to go through the exceptions one by one. The principles which have been stated make it plain that they all must be overruled. A final decree is to be entered denying the motion to recommit the master's report, overruling all the exceptions to and confirming the master's report, and dismissing the bill with costs.

*So ordered.*

*W. B. Grant*, for the plaintiff.
*J. J. Kaplan*, for the defendants.