## EDWARD T. BEAN'S (dependent's) CASE.

Suffolk.   May 21, 1917. — June 27, 1917.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Cause of injury, Procedure.

To entitle an injured employee to compensation under the workmen's compensation act it is not necessary for him to prove the exact cause of his injury if he can show that it arose out of and in the course of his employment.

Where a workman employed in the park department of a city received a scratch on the back of his hand, which became infected and resulted in blood poisoning from which he died, and it appeared that, when he was examined at the hospital and was asked how he was hurt, he replied that "he scratched it on something" while he was working around plants, that he did not remember whether he "stuck a thorn in it," but knew he was injured in the course of his employment and that the injury resulted from it, it was *held* that a decision of the Industrial Accident Board awarding compensation to his dependent widow was warranted.

The provision of the workmen's compensation act contained in St. 1911, c. 751, Part III, § 7, as amended by St. 1912, c. 571, § 12, which requires an arbitration committee to file with the Industrial Accident Board "a statement of the evidence submitted before it," is complied with by a report of an arbitration committee which contains a statement of all the material evidence in a narrative form, a verbatim report of the evidence not being essential.

On an appeal to the Superior Court from a decision of the Industrial Accident Board, the granting of a motion to recommit the case to the Industrial Accident Board is within the discretionary power of the trial judge, and the exercise of his discretion will not be revised by this court on appeal.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation to Annie

Bean as the dependent widow of Edward T. Bean, who at the time of his injury on May 19, 1915, which resulted in his death on May 25, 1915, was employed in the park and recreation department of the city of Boston, the claim being made under St. 1913, c. 807.

The case was heard by *Fox,* J. The evidence reported and the proceedings are described in the opinion. The second motion of the employer to recommit the case to the Industrial Accident Board, mentioned in the opinion, was as follows:

"Now comes the city of Boston, employer in the above entitled case, and moves that the case be recommitted to the Industrial Accident Board:

"1. In order that the memorandum sent by the Industrial Accident Board to the Superior Court in said case may be corrected and amplified.

"2. Because the Industrial Accident Board failed to consider and pass upon the motions made by the city of Boston before the full board in the above entitled case."

The motion was denied by the judge; and the employer appealed from the order denying the motion.

By order of the judge a decree was entered in accordance with the decision of the Industrial Accident Board, awarding to Annie Bean as the dependent widow of Edward T. Bean, employee, the sum of $10 a week for a period of four hundred weeks from May 19, 1915. The employer appealed.

The case was submitted on briefs.

*W. J. O'Malley,* for the employer.

*J. E. Eaton, E. T. McKnight & J. J. Conway,* for the dependent widow.

CARROLL, J. Edward T. Bean was a workman in the park and recreation department of the city of Boston. On May 19 and 20, 1915, he was employed in "spreading sod, cultivating, and doing work in the line of improving the grounds." On May 19 he received a scratch on the back of his hand which became infected, and on May 25 he died from blood poisoning caused by the injury. His widow was awarded compensation at the rate of $10 per week for four hundred weeks.

The employer argues there was no evidence that the injury arose out of and in the course of his employment. On Thursday,

May 20, on his return from work, the deceased complained of his hand and said it had bothered him all day. There was then a small scratch on his right hand back of the middle knuckle. He said it was done while he was at his work. The following morning the hand was very much swollen; he was removed to the hospital Sunday and died the following Tuesday of septicaemia, resulting from the injury. Although there was no evidence to show in what manner he was injured, or what caused the scratch on his hand, there was evidence that the injury happened while he was at his work and it could have been found it arose out of and in the course of his employment. When examined at the hospital and asked how he was hurt, he replied "he scratched it on something" while he was working around plants, that he did not remember whether he "stuck a thorn in it," but knew he was injured in the course of his employment and that the injury resulted from it. Under these circumstances there was evidence to support the finding of the court. *Von Ette's Case,* 223 Mass. 56. *Duffy's Case,* 226 Mass. 131. *Murphy's Case,* 226 Mass. 60.

The employee is not required to prove the exact cause of his injury. It must happen in the course of his employment and it must arise out of it. These facts must not be left to mere surmise or conjecture; but it is not essential that he should prove the precise cause which produced the injury. *Groves* v. *Burroughes & Watts, Ltd.* 4 B. W. C. C. 185.

In the Superior Court the employer moved to recommit the case to the Industrial Accident Board to correct and amplify the report. It was ordered:

"1. That the said Industrial Accident Board furnish a certified transcript of that part of the evidence, if there is any, that was before the committee of arbitration, which had not already been furnished and certified by said Industrial Accident Board, and that the entire evidence be made a part of the record.

"2. That said Industrial Accident Board furnish a certified copy of the proceedings in the above case before the Industrial Accident Board, that transpired when the said case was before the Industrial Accident Board on review, and make the same a part of the record.

"3. That said Industrial Accident Board certify as to when any transcript of the evidence before it of arbitration was re-

quested by the employer to be appended to the report in the above entitled case, and that said answer be made a part of the record."

This order was complied with, and a transcript of the evidence taken at the time of the hearing of the case before the arbitration committee was made part of the record, as well as a certified copy of the proceedings before the Industrial Accident Board, and a statement showing when the employer first requested that a copy of the evidence before the arbitration committee be made a part of the record.

The statute requires the arbitration committee to file with the Industrial Accident Board "a statement of the evidence submitted before it." St. 1911, c. 751, Part III, § 7, as amended by St. 1912, c. 571, § 12. *Brightman's Case*, 220 Mass. 17, 18, 19.

When the case was heard before the Industrial Accident Board the stenographic report of the evidence had not been transcribed. The board decided the case on the report of the arbitration committee, which contained a recital of all material evidence. This was sufficient compliance with the statute. A verbatim report of the evidence was not an essential part of the record. It was enough if the board had before it a statement of the material evidence in a narrative form. The order of the Superior Court, however, was fully complied with and the employer cannot now complain that a report of evidence in full was not sent to the board, since the board attached to the record a transcript of the evidence as directed by the decree of the Superior Court. After this was done the employer again asked the court to recommit the case to the Industrial Accident Board. This request was refused and the employer appealed.

The question of recommitting the case to the Industrial Accident Board was within the discretion of the judge and his discretion will not be revised by this court. *Cunningham* v. *Worcester Five Cents Savings Bank*, 223 Mass. 361, and cases cited.

*Decree affirmed.*