FRANK X. RAYMOND *vs.* EDWARD L. STONE & another.

Worcester.    September 24, 1923. — October 10, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Equity Pleading and Practice*, Cross bill; Master: exception to ruling by master, motion to recommit report. *Equity Jurisdiction*, Specific performance. *Evidence*, Relevancy and materiality, Competency.

In a suit in equity for specific performance of an alleged contract under which, it was alleged, the defendant purchased certain real estate at auction, agreeing to convey it to the plaintiff when the plaintiff had paid for it by instalments, a number of which had been paid at the time of the commencement of the suit, a son of the plaintiff was joined as a defendant and in his answer alleged that any agreement made by the plaintiff was made on behalf of such defendant's mother, the plaintiff's wife, that she had made all instalment payments, and that she had died leaving all her property, two thirds to him, the son, and one third to the plaintiff; and his answer contained a prayer in substance that any conveyance to be made by the first defendant should be made in such a way that the relative rights of the plaintiff and of the defendant son should be protected. *Held*, that the defendant son could not get such affirmative relief without the aid of a cross bill.

Upon an exception to the exclusion of evidence by a master hearing a suit in equity, the accuracy of reasons for the exclusion given by the master is immaterial, and, if in the circumstances the exclusion appears to be justified, the exception must be overruled.

In the suit above described, the second defendant offered in evidence a " memorandum book " kept by the first defendant, not as a book of account, but for the purpose of showing that the name of the wife of the plaintiff, originally written therein, had been erased and the name of the plaintiff inserted in its place. The offer of proof did not include any statement as to when, by whom or in what circumstances the change had been made. The book was excluded and the defendant excepted. *Held*, that the exception must be overruled.

An omission of an offer of proof of certain facts to show the materiality of evidence, offered at the hearing of a suit in equity by a master and excluded by him as immaterial, is not cured by the making of such an offer in an objection filed with the master after the settling of the final draft of his report.

At the hearing of the suit above described, in which the defendant son did not file a cross bill, the master excluded an entry in a book account of the first defendant, unsigned by him, stating that the plaintiff's wife might have a deed of the real estate in question when " $200 is paid down." The first defendant in his answer admitted the existence and terms of the memorandum. The master in his report stated that the entry was offered to prove a memorandum of sale under the statute of frauds. The master also excluded a letter of the first defendant to the plaintiff's wife relating to an account with her which concerned the transaction in question. The

second defendant excepted to the master's report by reason of the exclusion of the evidence. *Held*, that the exceptions must be overruled, whether the entry in the book and the letter were considered separately or in connection with each other, there being nothing to show that they contradicted the testimony of the first defendant, or that they were binding upon the plaintiff.

An exception to the master's report in the suit above described, based upon a contention by the second defendant that it was agreed between his mother, the plaintiff's wife, and the first defendant that a note and a mortgage of household furniture, given by her to the first defendant in connection with the purchase of other real estate, were to be collateral security for payment for the real estate described in the bill, was overruled both because the master's report disclosed no basis in fact for such a contention and because, even if the facts were as contended, they did not require a finding that the first defendant agreed to convey the property described in the bill to the second defendant's mother.

If the report of a master in a suit in equity does not set forth sufficient facts to enable the court to pass fully upon questions of law properly raised and preserved before him, the remedy of the party aggrieved thereby is by a motion to recommit the report; such motion should clearly set forth the grounds of recommittal, and the record should show the facts relied upon in support of it so that the court may pass upon their admissibility and materiality. Per JENNEY, J.

BILL IN EQUITY, filed in the Superior Court on January 12, 1921, seeking to require Edward L. Stone to convey to the plaintiff real estate alleged to have been purchased by Stone at an auction under an agreement to convey it to the plaintiff, who was paying its purchase price in instalments.

On motion by the defendant Stone, an interlocutory decree was entered summoning John B. Raymond " as a joint party plaintiff." A motion. by him that he be dismissed as a party plaintiff was allowed by consent and, by agreement of parties, he was joined as a party defendant.

The answer of the defendant John B. Raymond, after alleging in substance that the real estate was struck off at the auction to Mary J. Raymond, the plaintiff's wife, and that she had made all payments of instalments, and that any agreements made by the plaintiff with the defendant Stone were made on behalf of her, further alleged that she had died leaving a will which gave two thirds of her property to the defendant John B. Raymond and one third to the plaintiff. The last paragraph of the answer of this defendant read as follows: " Wherefore, this defendant says that the plaintiff is not entitled to a conveyance of the property, but that this defendant is entitled to a conveyance thereof upon

the payment of the balance due to said defendant Stone, and that said conveyance should be made either in trust to him as executor of the said Mary J. Raymond for the benefit of himself and the plaintiff, devisees under the will of said Mary J. Raymond, as their interest may appear; or to himself and the plaintiff personally one undivided third to the plaintiff and two undivided thirds to this defendant upon the condition that they pay to the defendant Stone the amounts due him in that proportion and this defendant prays that the said court upon consideration, will enter a decree accordingly."

The suit was referred to a master. The defendant John B. Raymond filed thirteen objections to the report, all to certain findings of the master and refusals by him to make certain findings. He filed sixteen exceptions, thirteen based upon the objections and three upon alleged erroneous rulings by the master as to evidence, described in the opinion. He also filed a motion that the report be recommitted to the master " for further findings upon the questions raised " by his exceptions.

The exceptions and motions were heard by *Sisk,* J., by whose order there was entered an interlocutory decree denying the motions, overruling the exceptions and confirming the report; and a final decree that the defendant Stone execute a proper deed of transfer of the real estate to the plaintiff upon the payment by the plaintiff to him of $77 plus $15 expense incurred by Stone and also plus $55.96, fees and expenses of counsel for Stone, as found by the master; and that the defendant Stone comply in all respects with whatever may be necessary and proper for giving the plaintiff peaceable possession.

The defendant John B. Raymond appealed.

*H. W. Blake,* for the defendant John B. Raymond.

*S. W. Armstrong,* for the plaintiff.

JENNEY, J. The plaintiff seeks specific performance of an agreement with the defendant Stone for the conveyance of real estate on Mill Street in Winchendon. That defendant in his answer admits that he purchased the property and at the time of the purchase orally agreed with the plaintiff to convey it to him and to his wife, Mary J. Raymond, since

deceased, upon payment therefor. The terms of the agreement apart from the person or persons to whom the property was to be transferred are not material. John B. Raymond, a son of the plaintiff, who has been made a party defendant, is executor of the will of his mother, Mary J. Raymond. In his answer he claims that under her will he is entitled to a two thirds interest in the premises and the plaintiff to that remaining.

It is plain that this defendant cannot get affirmative relief without the aid of a cross bill. *Mathews* v. *Colburn,* 215 Mass. 571. *Union Trust Co.* v. *Reed,* 213 Mass. 199. Upon such a bill affirmative relief against a codefendant may be given as well as against the plaintiff. *Forbes* v. *Thorpe,* 209 Mass. 570.

The case was referred to a master whose report has been confirmed and a decree for the plaintiff has been entered. The evidence is not before this court, and all the substantial facts have been determined in the plaintiff's favor. The appeal of the defendant John B. Raymond raises only questions of evidence.

The appellant offered in evidence a " memorandum book which had been handed by Stone " to either the plaintiff or his wife " shortly after the property was purchased, in which book the various payments were supposed to be noted simultaneously with their entry in Stone's own books. This book was offered not as a book of account but to show that the name Mary Jane Raymond, originally written thereon, had been erased and the name of the plaintiff inscribed thereon in its place." The evidence was excluded on the ground that it " had all been testified to without objection " and because " the book added nothing to the testimony." The accuracy of these reasons is immaterial; it is sufficient if the exclusion was justified. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384. *Adams* v. *Boston Elevated Railway,* 214 Mass. 1. *Young* v. *Duncan,* 218 Mass. 346, 351. *Wheeler* v. *Tarullo,* 237 Mass. 306. As the offer of proof does not include any statement when, by whom, or under what circumstances the change had been made, the relevancy of the evidence for the proffered purpose did not appear. The

omission is not supplied by the statement in the objection of John B. Raymond, filed with the master after the final draft of his report had been settled. *Cunningham* v. *Worcester Five Cents Savings Bank,* 223 Mass. 361. *Smith* v. *Lloyd,* 224 Mass. 173. The record shows no requests for findings until the hearing on the draft report. The exceptions to the refusal to admit this evidence must be overruled.

The appellant urges that the master erred because of his refusal to admit an entry by Stone in a book of account reading as follows: " Mary Jane Raymond, May 5, 1909. To Clark place Mill Street. When $200 is paid down and interest, she can have a deed and mortgage back." As to this the master reports that the book was offered to prove a memorandum of sale of the property under the statute of frauds. It does not appear that this evidence was competent to contradict that given by the defendant Stone when upon the witness stand; indeed the existence and terms of the entry were admitted in his answer. Even if we assume that the name of the vendee, the description of the property, and the consideration are sufficiently contained in the memorandum, it was not signed by Stone. The entry was not binding on the plaintiff and nothing appears to indicate that as against him it was of any probative force. There is no question of the statute of frauds in the case and the appellant is not entitled to affirmative relief. The exception to the exclusion of this evidence is not tenable.

That to the exclusion of the letter of the defendant Stone addressed to Mrs. Raymond, relating to an account with her which is assumed to concern the transaction here involved, must be overruled for like reasons. There is nothing to show that the letter was admissible against the plaintiff, or that it contradicted the evidence of the defendant Stone. Assuming that the entry in the book and the letter may be considered in connection with each other, they have no additional strength as against the plaintiff and cannot avail the appellant for the reasons already stated.

The seventh, eighth and ninth exceptions relate to a note and mortgage upon household furniture given by Mrs. Raymond to the defendant Stone in connection with the

purchase of other real estate. The appellant contends that it was agreed they were to be collateral security for payment for that here concerned. However, the report discloses nothing of the kind and affords no basis for exceptions relating thereto. *Warfield* v. *Adams*, 215 Mass. 506, 519. Even if the facts were as stated, they did not require a finding of the master that the defendant Stone agreed to convey the Mill Street property to Mrs. Raymond.

If the master's report did not set forth sufficient facts to enable the court to pass fully upon questions of law properly raised and preserved before him, the appellant's remedy was by motion to recommit for further report. Such motion should clearly set forth the grounds of recommittal, and the record should show the facts relied upon in support of the motion so that the court may pass upon their admissibility and materiality. *Cook* v. *Scheffreen*, 215 Mass. 444. *Smith* v. *Lloyd, supra.* The appeal from the interlocutory decree denying the motion has not been argued. On the record the decree should not be reversed. No abuse of judicial discretion is disclosed. *Magullion* v. *Magee*, 241 Mass. 360.

The interlocutory decrees appealed from must be affirmed, and the final decree modified by the insertion of a provision requiring the defendant Raymond to pay the costs of his appeal; when so modified it is to be affirmed.

*So ordered.*