ALBERT M. KAHN *vs.* PACIFIC MILLS & another.

Suffolk.    April 7, 1942. — May 28, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Equity Pleading and Practice,* Master: recommittal; Findings by judge; Motion. *Evidence,* Affidavit, Presumptions and burden of proof.

The disposition of a motion to recommit to a master for a fuller report of the subsidiary facts upon which his ultimate findings rest is within the discretion of the judge who hears it.

An uncontradicted affidavit supporting a motion is not conclusive of the facts therein stated.

The denial of a motion without specific findings of fact imports findings necessary to support the denial.

BILL IN EQUITY, filed in the Superior Court on August 29, 1941.

The decrees appealed from were entered by order of *Forte,* J.

*J. I. Robinson,* for the plaintiff.

*B. A. Brickley,* for the defendants.

COX, J. This is a bill in equity seeking specific performance of an alleged contract. The suit was referred to a master, whose findings were adverse to the plaintiff. His report was confirmed by interlocutory decree, and a final decree was entered dismissing the bill with costs. The plaintiff appealed from these decrees and from the denial of two of his motions, one of which was to recommit the

report to require the master to find and report the subsidiary facts upon which he made the ultimate findings that no contract existed between the parties, that the plaintiff's offer to purchase was not accepted, and that one Whiteside had no apparent authority to bind or represent the defendant Pacific Mills in the transaction; and to find and report all the material facts, so that the court may determine the accuracy of the master's "rulings" on the plaintiff's requests for findings of fact that are incorporated in the body of the master's report, together with his actions thereon. This motion was denied. It was addressed to the sound discretion of the trial judge (*Smith* v. *Lloyd,* 224 Mass. 173, 175), and we are of opinion that no abuse of discretion in denying the motion is shown.

The plaintiff and one Ziskind, who was made a party defendant, made an offer in writing, addressed to the Pacific Mills, to purchase certain property, subject to acceptance on or before the close of business on July 10, 1941, and a check was given with the understanding that, if the offer was not so accepted, the check was to be returned immediately by registered mail. On July 10, 1941, Ziskind, who had made the offer in his and the plaintiff's behalf, was notified in writing that the offer had not been accepted. On that same day the plaintiff had been orally informed that the offer had not been accepted. The check was returned before the close of business on July 10, 1941. The master found categorically that the offer was never accepted by any person or by the board of directors of the Pacific Mills. It appears that one Whiteside entered into negotiations with the plaintiff and others for the purpose of interesting them in the purchase of the property in question. The master states Whiteside's duties and finds categorically that he had no authority to accept the offer to purchase, and that, in fact, he did not accept it. The plaintiff presented twenty requests for findings of fact (see *Tuttle* v. *Corey,* 245 Mass. 196, 203), of which the master found as requested in ten, and refused to find as to the others.

The master owes a duty to the parties, when making ultimate findings upon vital points, to find and report the

subsidiary facts upon which they are based and state that they are so based. If he fails to do so, the only remedy of an aggrieved party is to move for recommittal, that all the subsidiary facts upon which the ultimate findings were based shall be set forth. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 436. An examination of the master's report discloses that he complied substantially with this duty. The plaintiff contends that much evidence was introduced to show an oral acceptance of the plaintiff's offer by the Pacific Mills, and that the report does not state sufficient subsidiary findings as to the lack of apparent authority on the part of Whiteside. He concedes that it was not within the province of the master to restate detailed evidence in his report, but contends that it was his duty to state the important believable evidence. The case, in so far as the motion to recommit is concerned, comes within the rule stated in *Warfield* v. *Adams,* 215 Mass. 506, and *Chopelas* v. *Chopelas,* 303 Mass. 33, 38, and cases cited.

The other motion of the plaintiff was to discharge the order of reference on the ground that the master had disqualified himself. This motion is supported by the affidavit of plaintiff's counsel. The judge, in denying this motion, made no findings. Affidavits are not conclusive of the facts even if no counter affidavits are presented, as none appear to have been in the case at bar. A judge is no more bound to accept as true an uncontradicted affidavit than to believe an uncontradicted witness (see *Germain* v. *Raad,* 297 Mass. 73, 75), and, in the circumstances, the action of the judge in denying this motion imports a finding of all subsidiary facts necessary to justify his action. *Carilli* v. *Hersey,* 300 Mass. 329, 331.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*