## OSCAR A. PROVOST'S CASE.

Suffolk.    April 5, 1948. — April 9, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Workmen's Compensation Act*, Procedure: certification; Impartial physician.

The record certified to the Superior Court in a workmen's compensation case should have included, in at least narrative form, the complete report of an impartial physician which had been considered in evidence by the single member and the reviewing board, and not merely an excerpt from the report quoted as a finding of fact in the single member's decision.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board in a proceeding under the workmen's compensation act.

The claimant appealed from a decree entered by order of *Cabot, J.*

*W. H. Lindberg,* for the claimant.

*C. T. Sexton, (M. J. Aldrich* with him,) for the insurer.

DOLAN, J.    This workmen's compensation case comes before us on the appeal by the employee from the decree entered in the Superior Court dismissing his claim.    In awarding compensation upon review, the board affirmed and adopted the findings and the decision of the single member.    The latter's decision contains the following: "I further find, from his [the employee's] appearing at the hearing and his testimony, that he is vague, poorly oriented and rambling as to any statement of facts or business matters.    The impression I gained from his testimony was accurately summarized by the impartial physician, Doctor Donald Munro, and therefore I adopt his summary as a finding of fact, to wit: 'There is no question in my mind but what this patient cannot do gainful labor at this time and I think that on the evidence at present available it must be assumed that his present condition is until proved

otherwise at least the indirect result of the alleged injury.'"
General Laws (Ter. Ed.) c. 152, § 8, provides, so far as
here material, that "the decision of the member, together
with a statement of the evidence, his findings of fact, rul-
ings of law, and other matters pertinent to questions aris-
ing before him, shall be filed with the department." Sec-
tion 9 provides in part that the report of the impartial
physician "shall be admissible as evidence in any proceed-
ing before the department or a member thereof; provided,
that the employee and the insurer have seasonably been
furnished with copies thereof." We are of opinion that the
mere excerpt, set forth above, from the report of the im-
partial physician is not a sufficient compliance with § 8 and
that for a proper consideration of the case his complete
report, which apparently was considered in evidence by
the single member and the board, should be set out at
least in narrative form.  *Bean's Case,* 227 Mass. 558.

> *Decree reversed.*
>
> *Decree to be entered in the Superior Court
>    recommitting the case to the Industrial
>    Accident Board for inclusion therein of
>    the report of the impartial physician
>    Dr. Donald Munro and further certifi-
>    cation to the Superior Court.*