McHugh, J.
This is a motion for reconsideration of the Preliminary Injunction I ordered on March 7, 1996. Reconsideration is sought in light of testimony developed at a subsequent deposition.
Putting to one side the viability and contours of the doctrine of judicial estoppel in Massachusetts, see generally Fay v. Federal National Mortgage Ass’n, 419 Mass. 782, 787-88 (1995), there is a palpable and material conflict between portions of the verified complaint and the affidavit of Robert M. Dickey, on both of which the Court relied in issuing preliminary relief, and the deposition testimony Mr. Dickey gave after the injunction issued.
*415 In the order of March 7, I stated that, among other things, plaintiff was entitled to protection of the business information described in ¶¶11 and 12 of the complaint. The information in ¶11 had to do with a so-called “center circle” of customers plaintiff purportedly identified through a methodology plaintiff had perfected “over several years . . . and a considerable expense in time, effort and money.”
The verified complaint was signed by Deborah Thomas, plaintiffs National Division Vice-President. After the injunction issued, however, defendants took Mr. Dickey’s deposition. Mr. Dickey is one of plaintiffs branch managers and a local account representative. In the deposition testimony he gave, Mr. Dickey stated that any reputable company in the business in which plaintiff was engaged would know what the “center circle” was at any given time. Moreover, Mr. Dickey testified that the “center circle” was defined and identified, not by the particular application of formulae developed by industry and expense, but by “market forces.” He also testified that the “skill sets” at the heart of the “center circle” and that ¶11 said plaintiffs methodology was designed to “define and narrow,” were in reality identified and defined by plaintiffs customers. Finally, he testified that plaintiff found new customers in
any one of a number of ways. We can refer to the Sunday Globe as far as companies that have needs. We get a lot of new accounts by referrals from current people that we are servicing, that know people in other companies. We subscribe to the journals, and we may target certain companies based upon what they do as far as in a vertical market, what they do as a company.
In other words, much, although not all, of plaintiffs customer identification resulted from perusal of sources available to the general public.
That certainly is a far different picture from the one painted in the complaint and presentations made at the hearing preceding issuance of the preliminary injunction. But that is not all.
In his affidavit, Mr. Dickey stated that national account representatives like Ms. Ristaino “interfaced” with local customers on occasions to secure placements for those local customers. That, he testified in his deposition, was not true.[1] He stated in his affidavit that Ms. Ristaino had worked with him and with other of plaintiffs representatives “in connection with some of our largest local customers” but was unable at his deposition to identify what work she did or to describe the nature of that work. Finally, although he stated in his affidavit that Ms. Ristaino had knowledge of certain of plaintiffs best customers, he testified at his deposition that he had no personal knowledge of what knowledge she had.
The process of applying for temporary or preliminary injunctive relief demands full and complete honesty and precision. The process moves swiftly and is premised on the assertion that an emergency compels the haste. If an error is made in the issuance of an injunction and if, as in this case, no bond has been ordered, the target of the injunction frequently has no recourse for the damage the injunction may cause. See generally Teel v. Hamilton-Wenham Regional School District, 13 Mass.App.Ct. 345, 352 (1982). There is no place in that process for anything short of full and complete candor.
Plaintiffs contentions that the recitations in the affidavit were substantially correct and consistent with Mr. Dickey’s deposition testimony is simply wrong. The verified complaint, of course, was signed by Ms. Thomas, not Mr. Dickey. Even so, the stark difference between what the complaint said and what Mr. Dickey said on the same subject in his deposition raises, at the least, questions about the likelihood of success on the merits of the claim that did not exist at the time the injunction issued.
Above all, however, the court simply should not be expected to go through an affidavit or a verified complaint with a fine-tooth comb to separate the true from the technically true but incomplete or the technically true but misleading or the palpably false. The Court is instead entitled to rely on the unvarnished and unrefined truth of what parties present in support of their applications.
The jury, of course, is the fact finder of last resort and has the power to choose between two conflicting versions of the same set of facts presented by a witness. See, e.g., Anthony’s Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc., 396 Mass. 818, 827 (1986). Nevertheless, the Court is not required to believe the contents of any affidavit presented to it, see Kahn v. Pacific Mills, 311 Mass. 588, 590 (1942), and misstatements like those contained in the affidavit just discussed seriously undermine the credibility of the presentation plaintiff has made. Indeed, I no longer know what portion of plaintiff s presentation I should believe and thus cannot reliably say that plaintiff has any likelihood of success on the merits of its claim. That conclusion, of course, removes one of the necessary foundational elements for issuance of a preliminary injunction. See Packaging Industries Group, Inc. v. Cheeney, 380 Mass 609, 617 (1980).
ORDER
In light of the foregoing and upon reconsideration of the Preliminary Injunction heretofore entered in this action, it is hereby ORDERED that said preliminary injunction should be, and it hereby is, VACATED.

He also testified that he had overlooked the error while reading his affidavit before it was filed.